STATE of Missouri,
Plaintiff-Respondent,

v.

Eisenhower YOUNG,
Defendant-Appellant.

No. 43182.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 13, 1982.

Robert Hampe, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George

Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant appeals his jury convictions for carrying a concealed weapon and failure to appear on a bail bond, for which he was sentenced to fifty days in jail and fined $5000.

On September 16, 1976, defendant was arrested for carrying a concealed weapon and then released on a $1500 bail bond. Arraignment occurred October 29, 1976, and trial was subsequently set for May 2, 1977. When defendant failed to appear for trial on that date, a bond forfeiture was declared. The trial court set aside the forfeiture on May 5 upon defendant's appearance with his attorney. Trial was set next for June 2 but was continued until July 11, 1977, for want of time to try. Defendant failed to appear on July 11 and a bond forfeiture was again declared. He was not located thereafter until March 1, 1980, when he was arrested at his mother-in-law's home. On March 7, 1980, the state dismissed the original indictment for carrying a concealed weapon and issued another indictment four days later. This March 11 indictment again charged the defendant with the former count of carrying a concealed weapon. It also included a second count for failure to appear on a bail bond. Trial on these two counts occurred on June 18, 1980.

■ Defendant did not file a motion for new trial as required by Rule 29.11(d). Consequently, he has failed to preserve any allegation of error for appellate review. We have, however, reviewed defendant's points under Rule 29.12(b). We find no manifest injustice suffered by defendant as a result of the alleged errors.

Defendant filed a pretrial Motion in Limine and, in the Alternative, Motion for Protective Order. Therein he requested the court to prohibit any use of closed court file # 76–2601 pertaining to the original indictment for carrying a concealed weapon. The court denied the motion. In his first point on appeal, defendant contends the court erred in allowing the state to re-open his court file and to introduce therefrom evidence of the prior charge, court appearances, and bond forfeitures because the record was closed to all persons except defendant.

Defendant argues that Section 610.105, RSMo 1978 [1] is dispositive of this point. He relies on opinions of the Attorney General that the statute applies to all records of prosecuting attorneys, police agencies, and magistrate courts, Op. Att'y Gen. No. 311 (Nov. 30, 1973), and requires all records, not merely the defendant's name, to be removed from the trial court and kept in a separate confidential file. Op. Att'y Gen. No. 109 (Mar. 25, 1974).

We find defendant's interpretation of Section 610.105 to be in error. We first point out that although Attorney General opinions are helpful in interpreting Missouri statutes (which have no legislative history), they are simply the "opinions" of that office and are no more persuasive than those of any other competent attorney. *State ex rel. Stewart v. King*, 562 S.W.2d 704, 709 (Mo.App.1978). It is for the judicial branch to declare the law. *Gershman Investment Corporation v. Danforth*, 517 S.W.2d 33, 35 (Mo. banc 1974).

In *State v. Burkhart*, 615 S.W.2d 565, 567 (Mo.App.1981), the defendant complained of the admission of exhibits that he contended were "closed records" within the meaning of Section 610.105. Noting that the legislature was aware that a new charge may follow a nolle prossed charge, the court stated: "To hold that official records in § 610.105 refers to the evidence in a case which had been nolle prossed would effectively bar any future prosecution. Clearly the legislature did not intend that result." *Id.*

1. Section 610.105: "Effect of nolle pros or dismissal on records.—If the person arrested is charged but the case is subsequently nolle prossed, dismissed or the accused is found not guilty in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records to all persons except the person arrested or charged."

While the court in *Burkhart* construed "closed records" in Section 610.105 as it pertains to substantive evidence, we find the court's reasoning to be applicable here. Where a charge has been nolle prossed, we believe the legislature did not intend Section 610.105 to preclude use of the closed court file in a subsequent prosecution of the same or a related offense. This belief is bolstered by a 1981 amendment to the arrest records statute, Section 610.120, RSMo Supp.1981,[2] clarifying that closed records remain available for prosecution purposes. The admission of testimony from the closed file did not result in plain error.

In his second point on appeal, defendant contends the court erred in overruling his motion for judgment of acquittal as to the second count because there was insufficient evidence that defendant had notice of his court date and willfully failed to appear.

The case of *State v. Adams*, 532 S.W.2d 524 (Mo.App.1976), though it deals with an appeal bond, disposes of defendant's complaint concerning lack of notice of his court date. Section 544.665, RSMo 1978,[3] defines the offense of failure to appear. As stated in *Adams*, a fair reading of the statute implies that a defendant released on bond will be given a reasonable notice that he is required to appear. 532 S.W.2d at 528. Nevertheless, such a reading does not mandate reversal of defendant's conviction simply because he did not receive written notice. *Id.*

Defendant correctly suggests that "willful" as used in criminal statutes means "intentional." *Id.* at 527. Intent is a state of mind usually established by circumstantial evidence, however, rather than by direct proof. *State v. Ludwig*, 609 S.W.2d 417, 418 (Mo.1980). Viewing the evidence in a light most favorable to the state, *State v. Ball*, 622 S.W.2d 285, 291 (Mo.App.1981), we find sufficient circumstantial evidence to establish that defendant willfully failed to appear for trial.

Defendant was aware of the conditions of his bond. He was required to sign the bond which stated "will not depart without leave". He admitted that he made "quite a few" appearances in court. In fact, defendant forfeited his bond on his first trial date but appeared soon thereafter to have the forfeiture set aside. Defendant thus knew the consequences of failing to appear.

On June 2, 1977, when defendant appeared in court with his attorney the trial was continued to July 11, 1977. Defendant testified that he never heard or was told of the next court date, and that he remembered the judge "said something like 'set aside.'"

We admonish counsel if he failed to inform defendant of his next court date. In this case, however, we feel the additional circumstantial evidence of defendant's absence of nearly three years, much of that time spent out of state under a false name, and his concealment in a basement closet at the time of his arrest sufficiently indicate the willful nature of his failure to appear.

2. 610.120: "Records to be confidential—accessible to whom, purposes.—Records required to be closed shall not be destroyed; they shall be inaccessible to the general public and to all persons other than the defendant except as provided in this section. They shall be available only to courts, administrative agencies, and law enforcement agencies for purposes of prosecution, litigation, sentencing, and parole consideration. All records which are closed records shall be removed from the records of the courts, administrative agencies, and law enforcement agencies which are available to the public and shall be kept in separate records which are to be held confidential and, where possible, pages of the public record shall be retyped or rewritten omitting those portions of the record which deal with the defendant's case. If retyping or rewriting is not feasible because of the permanent nature of the record books, such record entries shall be blacked out and recopied in a confidential book."

3. 544.665: "Failure to appear, penalty.—1. In addition to the forfeiture of any security which was given or pledged for his release, any person who, having been released pursuant to sections 544.040 to 544.665, or upon a recognizance or bond pursuant to any other provisions of law, willfully fails to appear before any court or judicial officer as required shall be guilty of an offense and punished as follows:

(1) If arrested for or charged with a felony, by a fine of not more than five thousand dollars or imprisoned for not more than five years; ...."

Defendant, in his third and final point on appeal, contends the court erred in overruling his motion for discharge because his pretrial jail time exceeded the time imposed by sentence and he was adjudged indigent prior to imposition of the fine.

■ As to defendant's first allegation we can only agree with respondent's brief that, in fact, defendant's period of federal incarceration on state detainer was credited against his sentence in accordance with Section 558.031.1(1), RSMo 1978. Rather than placing him in the custody of the St. Louis County jail, the court remanded defendant to the United States Marshall to serve his federal sentence.

■ With regard to imposition of the $5,000 fine, we find no reversible error. A fine is a proper penalty for failure to appear, and the amount imposed accords with that allowed for one arrested for or charged with a felony. § 544.665.1(1), RSMo 1978.

■ Defendant contends the court should not have imposed the fine because he was indigent. We find that the court considered the appropriate factors for imposition of fines. § 560.026, RSMo 1978.[4] The evidence revealed that defendant had $11,785 on December 7, 1976, and an additional $1,960 on March 1, 1977. Defendant testified at trial that he spent some of the money, used some to pay debts, and lost the rest gambling.

We fail to perceive any prejudice to defendant by the imposition of this fine. There is no indication in the record that he has been punished for failure to pay the fine since its imposition two years ago.

The judgment is affirmed.

GUNN and SIMON, JJ., concur.

---

4. 560.026: "Imposition of fines.—1. In determining the amount and the method of payment of a fine, the court shall, insofar as practicable, proportion the fine to the burden that payment will impose in view of the financial resources of an individual. The court shall not sentence an offender to pay a fine in any amount which will prevent him from making restitution or reparation to the victim of the offense."