**STATE of Missouri, Respondent,**

v.

**Lamar O. STREET, Appellant.**

**No. WD 38724.**

Missouri Court of Appeals,
Western District.

June 23, 1987.

As Modified Aug. 4, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Deborah L. Ground, Asst. Attys. Gen., Kansas City, for respondent.

Before CLARK, C.J., and NUGENT and LOWENSTEIN, JJ.

CLARK, Chief Judge.

Lamar O. Street was charged with failure to appear, § 544.665, RSMo.1986, in answer to a criminal charge. He was tried before a jury, was convicted and was sentenced by the court to a term of seven years as a prior and persistent offender. On this appeal, he raises two points, that the evidence was insufficient to convict him of the charge and that the court erred in finding him to be a prior and persistent offender.

As to the issue of evidentiary sufficiency, the facts adduced from the evidence, restated in the light most favorable to the state, were as follows. Appellant was scheduled to appear for trial November 19, 1985 in Clay County. He failed to appear and, according to his own testimony, he was in Portland, Oregon on that date. On November 22, 1985, appellant went from Portland to Salt Lake City and eventually to Mound City, Kansas. On December 5, 1985, appellant made contact with his bondsman who surrendered appellant into custody at Clay County.

Appellant argues that the state failed to prove beyond a reasonable doubt that his failure to appear for trial was willful or intentional. He bases the argument on the content of his own evidence in which he explained that his departure from the area on November 10, 1985 was to seek employment in the state of Washington and that his return to Clay County was delayed by weather conditions and a lack of funds. The contention is that the state offered no proof of any intent on appellant's part to evade trial and that circumstance, coupled with appellant's own explanation of the lapse, deprives the case of proof of an essential element of the crime.

The offense of failure to appear does involve a specific intent and therefore the state does not make a case by merely showing that the accused was not present on the assigned court date. From this, however, it does not follow that the state must prove willfulness by direct evidence. The intent not to appear is usually not subject to direct proof but is shown by circumstantial evidence. *State v. Young*, 636 S.W.2d 684, 686 (Mo.App.1982).

Having in mind the proposition that the jury was entitled to believe some or none of the testimony presented, *State v. Carter*, 670 S.W.2d 104, 108 (Mo.App.1984), we find sufficient circumstantial evidence to establish that appellant willfully failed to appear for trial. He was aware of the date set for his court appearance and yet

only nine days before that date he set out by bus and with limited funds to travel to Seattle on the dubious premise that someone had suggested employment opportunities might be found. Failing to reach his destination, he yet lingered in Portland, Oregon until well after he was scheduled to appear in Clay County. When he did finally return to this general area, he did not report to the court, but spent several days in Mound City, Kansas on the excuse that because he was already late, a few more days made no difference. The court correctly denied a motion for acquittal based on insufficiency of the evidence.

■ The second point of error presented which focuses on sentencing appellant as a persistent offender is not so readily decided. At trial, the state presented evidence to the court proving three previous felony convictions of defendant. In response to that proof, the court made the finding that appellant was a prior and persistent offender and sentenced him accordingly. The information in the case did not charge appellant to be a prior or persistent offender as required by § 558.021.1(1), RSMo.1986, no request was made by the state at any time to amend the information and no mention of the deficiency appears in the record until it is raised as a point of error on this appeal.

Independent research has disclosed a substantial number of cases under the present repeat offender statute and its predecessors involving deficiencies in this aspect of criminal prosecutions. In some cases, such as the recent case of *State v. Cooper*, No. 38741 (Mo.App. W.D. June 30, 1987), the state indicated prior to trial that the charge and proof would involve repeat offender status of the accused, but the information was never amended although leave to do so was granted. In other cases, either the proof of prior offenses was not offered until after the case was given to the jury, *State v. Richardson*, 719 S.W.2d 884, 886 (Mo.App. 1986), or no hearing was conducted to take evidence on the question, *State v. Allen*, 702 S.W.2d 530, 534 (Mo.App.1985), or the court failed to make the required findings,

*State v. Light*, 686 S.W.2d 538, 543 (Mo. App.1985). Frequently the judgments in these cases are affirmed on the basis either that the error was waived by the failure of the defendant to object and thereby permit the state to correct its error or on the ground that the defendant was not prejudiced because the fact of his previous convictions came as no surprise. *State v. Newland*, 592 S.W.2d 495, 501 (Mo.App. 1979).

The statute is abundantly clear that an extended sentence term may be imposed if, but only if, " * * * the indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender * *." It is not enough for the state to simply announce an intention to seek an extended sentence, the charge must set out the facts which would, if later substantiated by the proof, warrant the court in making the findings which are also a requirement of the statute. If the courts continue to indulge the laxity which has characterized so many cases of extended term sentencing, a judicial emasculation of the legislative direction will be the accepted procedural norm.

It is certainly true in this case, as in others which rely on that proposition, that any actual prejudice to appellant is difficult if not impossible to perceive. His previous convictions were never a matter of doubt and were first brought into evidence during cross-examination. The fact remains, however, that the state made no attempt whatever to charge appellant as a repeat offender before or during trial or even after the evidence was presented to the court in support of the requested extended sentence. The error is manifest. The issue is what relief should be directed.

■ The cases are uniform in holding that provisions for repeat offender sentencing do not create an additional substantive offense or crime and that error associated with the charge, proof or court findings in this respect does not require an unconditional remand for a new trial on the issue

**374**

of guilt or innocence. *State v. Sullivan,* 451 S.W.2d 123, 124 (Mo.1970), concurring by J. Holman; *State v. Newland, supra* at 502; *State v. Light, supra* at 543. The appropriate remedy is a limited remand for the purposes of permitting the state to amend the information and submit proof supporting repeat offender sentencing. In the unlikely event that the proof were to fail, a new trial is, of course, required.

The judgment of conviction is affirmed. The imposition of sentence is reversed and the cause is remanded for the purpose of resentencing if, upon amendment of the information and rehearing, the findings of the court support imposition of sentence upon appellant as a prior and persistent offender. If appellant is not found to be a prior and persistent offender, appellant is granted a new trial.

All concur.