**STATE of Missouri, Respondent,**

v.

**Faron COLLINS, Appellant.**

**No. WD 46205.**

Missouri Court of Appeals,
Western District.

Feb. 23, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1993.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Joan Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

PER CURIAM.

Appeal from a conviction of felony driving while intoxicated, section 577.010, RSMo 1986. Appellant was sentenced to three hundred and twenty-six days of incarceration in the Cole County Jail. Collins claims that the trial court erred in sentencing him as a persistent offender because the state failed to charge and prove that he had two prior intoxication-related traffic offenses within ten years of a previous intoxication-related traffic offense. The judgment of conviction is reversed and the cause is remanded with directions to set aside Collins' felony conviction and sentence as a persistent offender and to enter judgment and resentence Collins as a prior offender, a misdemeanor offense.

Collins was charged by information dated July 26, 1991, with driving while intoxicated, section 577.010, RSMo 1986.[1] He was further charged as a "persistent offender" under section 577.023, RSMo Cum. Supp.1991,[2] a class D felony. The state filed an amended information and a second amended information, charging that Collins had been convicted of two prior intoxication-related offenses. The trial court held a hearing outside the presence of the jury and found that Collins was a persistent offender.

The case proceeded to trial. The jury returned a guilty verdict at the close of the evidence and the court sentenced appellant to a term of three hundred and twenty-six days incarceration in the Cole County Jail.

The conviction for felony driving while intoxicated is reversed and the cause is remanded with directions to set aside Collins' conviction and sentence as a persistent offender and to enter judgment and resentence him as a prior offender, a misdemeanor offense.

Collins' only point on appeal charges that the trial court erred when it sentenced him as a persistent driving while intoxicated offender because the state did not charge and prove that he had two prior intoxication-related traffic offenses within ten years of a previous intoxication-related offense.

The controlling statute, section 577.023.1, defines prior and persistent offenders as follows:

(2) A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction; and

(3) A "prior offender" is one who has pleaded guilty to or has been found guilty of an intoxication-related traffic offense within five years of a previous intoxication-related traffic offense conviction.

One who is convicted of an intoxication-related offense as a prior offender is guilty of a class A misdemeanor and subject to a possible term of imprisonment not to exceed one year, section 558.011.1(5), and a fine not to exceed $1,000, section 560.016.-1(1).

One who is convicted as a persistent offender is guilty of a class D felony and may be sentenced to a term of imprisonment not to exceed five years, section 558.-011.1(4), and a fine not to exceed $5,000, section 560.011.1(1).

The information and amended informations contained evidence of only two offenses which were committed prior to the one for which Collins is now charged. The state concedes that the trial court erred and improperly sentenced Collins, in light of *State v. Stewart*, 832 S.W.2d 911 (Mo.

---

1. All further statutory citations will be to RSMo 1986, unless otherwise indicated.

2. Section 577.023 was amended effective July 1, 1992; however, section 1, subsections (2) and (3), the portions which are pertinent to this appeal, are not changed.

banc 1992), which held that two offenses must have occurred within ten years of a previous offense in order to establish "persistent" offender status, not two offenses prior to the one for which enhancement is sought. However, the parties disagree as to the proper remedy.

The state argues that the cause should be remanded to allow the state to amend the information to reflect any other intoxication-related offenses that Collins may have been convicted of. This argument was rejected in *State v. Olson*, 844 S.W.2d 539 (Mo.App.S.D.1992) and must likewise be rejected here.

The state bases its argument on the holding in *State v. Street*, 735 S.W.2d 371 (Mo. App.1987), and *State v. Hutton*, 825 S.W.2d 883 (Mo.App.1992). Both *Street* and *Hutton* dealt with sentencing under the criminal repeat offender statutes. In *Street*, the state presented evidence proving that Street had three previous felony convictions; however, the information did not charge him to be either a prior or persistent offender. The court found that the failure of the information to charge Street as a prior and persistent offender was manifest error and remanded the case back to the trial court for the limited purpose of allowing the state to amend the information and to provide proof of his repeat offender status. *Id.* at 374. The court reasoned that Street's "previous convictions were never a matter of doubt." *Id.* at 373. The state was not allowed to go looking for additional convictions to add to the information, but rather was allowed to correct the inconsistencies between the information and the findings per the evidence.

In *Hutton*, the defendant challenged the trial court's action in sentencing him as a class X offender on three counts when the state had charged him in the information as a class X offender on only one of the counts. The court in *Hutton* remanded that case for the limited purpose of amending the information and making appropriate findings regarding his repeat offender status, reasoning that he had been put on notice that he could be charged as a class X

offender in all three counts and further, that he had not shown that he would have done anything different if he had been charged as such. The court found that the "defect in the information worked no prejudice against him." *Id.* at 889.

In both *Street* and *Hutton*, the state was merely allowed to amend the information to reflect the findings. In this case, the state is asking this court to provide it with a second chance to try its case by allowing it to look for and prove additional convictions. That will not be permitted.

For the foregoing reasons, the judgment of conviction is reversed and the cause is remanded with directions to set aside Collins' felony conviction and sentence as a persistent offender and to enter judgment and resentence Collins as a prior offender, a misdemeanor offense.

All concur.