STATE of Missouri, Respondent,

v.

Saadi DUMAS, Appellant.

Saadi DUMAS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 64497, 66333.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 4, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 9, 1995.

Application to Transfer Denied
June 20, 1995.

Arthur S. Margulis, David R. Crosby, Margulis & Grant, P.C., Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Saadi Dumas, contests a conviction of failure to appear, § 544.665 RSMo 1986. Defendant challenges the sufficiency of the evidence to support the verdict. He does not appeal a conviction and eight-year sentence for unlawful use of a weapon (CCW), § 571.030 RSMo 1986. Defendant was jury-tried on both charges and sentenced by the court as a persistent offender. A Rule 29.15 motion directed at the CCW conviction was denied without an evidentiary hearing.

On February 18, 1991, police officers Anthony Boone and Donald Grace were on routine patrol in the city of St. Louis. Around 4:15 p.m. the officers were near the intersection of Blair and Bremen when they saw a car at the intersection that failed to observe the stop sign. Officer Boone pulled the vehicle over, got out of the patrol car, and approached the driver's side of the car. Officer Boone asked defendant for a driver's license. Defendant did not have one. Officer Boone asked defendant to step out of the car.

Defendant got out of the car. He appeared nervous and held his right arm to his side as if he were trying to hide something. Officer Boone noticed a bulge in the top part of defendant's waistband. Officer Boone told defendant to raise his hands and walk over to Officer Grace, who was standing at the rear of defendant's car. As defendant complied, Officer Boone, who was behind defendant, touched his own gun to indicate to Officer Grace that he suspected defendant was armed. Officer Grace found a loaded .357 Magnum concealed on defendant's person. Defendant was then handcuffed and arrested.

Following his arrest, defendant was released on a $3,500, 10% cash deposit bond. His case was assigned for trial on April 6, 1992. Notice of this April 6 trial setting was sent to his attorney, Talat Bashir, on March 5, 1992. The failure-to-appear charge alleged defendant failed to appear on April 8, 1992.

Bashir testified for the state over defendant's objections based on attorney-client privilege. He testified he received notice of the April 6, 1992, trial setting, but did not notify defendant because the policy at the Public Defenders' office was that defendants were responsible for calling the office to find out their own court dates. There was no evidence defendant was made aware of the policy. Bashir testified defendant did not appear in court on April 6, 7, or 8, 1992. He testified he may have telephoned defendant on April 6 or 7. He told defendant, "I need you in court," but defendant said he wasn't coming. The attorney did not tell defendant *why* he was needed, in *what* court he was to appear or *when* he was to appear.

We find defendant's issue relating to proof of willfulness requires reversal. He argues that statements to his former public defender, Talat Bashir, were privileged communications, and, if the privilege had been honored, there would have been no evidence of notice and no foundation for finding willful failure.

The attorney-client privilege is created by statute. Section 491.060 RSMo Cum.Supp. 1993 provides:

The following persons shall be incompetent to testify:

(3) An attorney, concerning any communication made to him by his client in that relation, or his advice thereon, without the consent of such client;

 The privilege is the client's to claim and runs from the client to the attorney. *State v. Carter,* 641 S.W.2d 54, 57 (Mo. banc 1982). The privilege is limited to communications between the attorney and the client. *Id.* It renders the attorney incompetent to testify to confidential communications a client made to him. *Id.*

On direct examination, the prosecutor asked Bashir if he made any contact with defendant concerning his case during the months before the case was set for trial. Defendant objected and claimed his attorney-client privilege. The court overruled the objection, stating that notifying the defendant of a trial setting is not a privileged communication. This may be correct for testimony of the attorney regarding his actions. Bashir testified he called defendant. Later, the prosecutor asked Bashir if defendant said anything to Bashir about showing up in court. Again, defendant objected based on

attorney-client privilege. The court overruled the objection. It ruled there was no attorney-client relationship at the time defendant made the statement to Bashir because the failure-to-appear charge had not been filed yet. In fact, the charged crime had not been committed. The court also stated the defendant waived the attorney-client privilege in his opening statement by referring to his lack of notice of the court date and by writing a letter to the court regarding his and his attorney's lack of notice.

■ We find the attorney-client privilege applies to defendant's statement to Bashir and that defendant never waived his privilege. Defendant's statement to Bashir was made in the context of an attorney-client relationship. The conversation was offered as evidence to prove an element of the charge of failure to appear. That defendant may have made the statement before the crime occurred or before he was charged with failure to appear does not destroy the attorney-client privilege. The statement was made by a client to his attorney who was representing him on a pending criminal case.

The opening statement was not evidence. There was no express waiver of the attorney-client privilege in defendant's letter or the opening statement. Nor was the assertion defendant was not notified of an April 8, 1992, trial setting a basis to imply a waiver.

Defendant also contends that even if the testimony barred by the attorney-client privilege is considered, the evidence is insufficient to submit the issue of willfulness.

Section 544.665 RSMo 1986 reads as follows:

> In addition to the forfeiture of any security which was given or pledged for his release, any person who, having been released pursuant to sections 544.040 to 544.665, or upon a recognizance or bond pursuant to any other provisions of law, willfully fails to appear before any court or judicial officer as required shall be guilty of an offense and punished as follows: ...

■ The evidence was insufficient to support defendant's conviction of failure to appear. First, there was no proof defendant's case was set, as charged, for April 8, 1992.

A memorandum prepared on March 5, 1992, and sent to Bashir, set defendant's case for April 6, 1992. No one informed defendant of that setting. There was no other evidence the case was ever reset. Second, the date of Bashir's telephone call to defendant was not proven. On direct examination, Bashir testified he could not recall whether he called defendant on April 6 or 7, but that he thought it was April 7. He also testified his only statement to defendant was, "I need you in court." This testimony does not prove defendant had notice of where, when or why he was to appear.

The court erred in admitting Bashir's testimony regarding defendant's statements to him. The testimony was inadequate to support submission of the charge. For both reasons the failure-to-appear conviction is reversed.

Finally, defendant contends the motion court erred in denying his Rule 29.15 motion for post-conviction relief based on ineffective assistance of counsel claims without an evidentiary hearing. The motion alleged ineffective assistance in defense of the CCW charge.

■ To overcome the motion court's determination, defendant must show the court's findings of fact, conclusions of law and judgment were clearly erroneous. Rule 29.15(j); *State v. Twitty*, 793 S.W.2d 561, 567 (Mo. App.1990). To be entitled to an evidentiary hearing, defendant must: (1) allege facts, not conclusions, which if true, would warrant relief; (2) allege facts the record does not refute; and, (3) demonstrate the matters complained of resulted in prejudice to defendant. *State v. Fitzgerald*, 781 S.W.2d 174, 188 (Mo.App.1989).

■ To establish a claim for ineffective assistance of counsel, defendant must show his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987).

■ Defendant alleges his counsel was ineffective for failure to call Antoine Reed and

Spencer Randle as witnesses. He alleges Reed would have testified defendant borrowed Reed's car, there was a gun in the car, but defendant did not know about the gun. Defendant also alleges Reed would have testified defendant was with him a few minutes prior to his arrest and did not have a gun at that time. Defendant alleged Randle would have testified his wife, Carol Randle, left her gun in Reed's car and that the gun was used for target shooting only.

The motion court found no ineffective assistance of counsel: (1) for failure to call Reed as a witness because defendant's 29.15 motion alleged Reed was unavailable for defendant's trial, (2) for failure to use Reed's testimony from defendant's previous trial, which resulted in a hung jury, and, (3) for failure to call Randle as a witness.

The proposed testimony of Reed and Randle will not support an allegation of ineffective assistance of counsel. First, Randle's testimony would have been cumulative of Carol Randle's testimony. Second, their testimony would not have supported a defense because their evidence would not have contradicted the facts proven by the state's evidence. Whether the gun was left accidentally in Reed's car and whether it was used prior to that for legal target shooting is irrelevant on the issue of whether defendant had the gun concealed on his person when the officers stopped him. Defendant was not prejudiced by the absence of testimony from either witness.

We reverse the conviction for failure to appear. We affirm the denial of Rule 29.15 relief on the CCW conviction.

SIMON, J., concurs.

AHRENS, P.J., concurs in result.