**STATE of Missouri, Respondent,**

v.

**Michael CAREY, Appellant.**

**No. WD 50963.**

Missouri Court of Appeals,
Western District.

Jan. 30, 1996.

---

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SMITH, JJ.

ULRICH, Presiding Judge.

Mr. Carey appeals his conviction of failure to appear, section 544.665, RSMo 1994. He claims the trial court erred in overruling his motion for judgment of acquittal in that the state failed to prove by sufficient evidence that he had the specific intent not to appear in court as ordered on the date scheduled. In reviewing a sufficiency of the evidence claim, this Court determines if sufficient evidence permits a reasonable trier of fact to find guilt. *State v. Storey*, 901 S.W.2d 886, 894–95 (Mo.1995). This Court will not weigh the evidence but accepts as true all evidence tending to prove guilt. *State v. Sladek*, 835 S.W.2d 308, 310 (Mo.1992). The state is given the benefit of all reasonable inferences, and any contrary inferences and evidence are disregarded. *State v. Sexton*, 890 S.W.2d 389, 391 (Mo.App.1995).

Mr. Carey was arrested on a Buchanan County stealing charge in South Dakota on July 31, 1992. He was arrested again on March 21, 1993 in Sydney, Ohio. The Buchanan County Prosecuting Attorney did not seek extradition either time due to Mr. Carey's hospitalization. Mr. Carey was arrested in Ohio on a different warrant in August of 1994. Mr. Carey refused extradition and

was returned to Missouri on a governor's warrant. After returning to Buchanan county, he was released on bond on July 22, 1993, in order to be hospitalized again. When released, he was scheduled to reappear in court on September 22, 1993. He did not return to court on that date. An arrest warrant was issued October 13, 1993, for his failure to appear.

Mr. Carey scheduled heart surgery for September 20, 1993, in Ohio. The surgery was not performed in Missouri due to health insurance limitations. Mr. Carey was released from the Ohio hospital on October 13, 1993, but he did not return to Buchanan County until November 17, 1994.

Mr. Carey was found guilty of failing to appear as required after a judge-tried case on March 6, 1995, and he was sentenced to one year imprisonment to be served consecutively to the sentence imposed on the stealing conviction.

 Mr. Carey testified that he was told by his attorney that he did not have to return to Buchanan County on the stealing charge for which he had been released on bail. Due regard is given to the trial court's superior opportunity to judge the credibility of witnesses. *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991). Only facts and inferences favorable to the prevailing party are considered. *State v. Smith*, 849 S.W.2d 209 (Mo.App.1993).

Failure to appear is a specific intent crime. *State v. Street*, 735 S.W.2d 371, 372 (Mo.App.1987). The state does not make a case merely by showing the defendant was not present in court when required to appear. *Id.* However, willfulness need not be proven by direct evidence. *Smith*, 849 S.W.2d at 213. Intent not to appear is generally shown through circumstantial evidence. *State v. Young*, 636 S.W.2d 684, 686 (Mo.App.1982).

Sufficient evidence was presented for a reasonable trier of fact to conclude that Mr. Carey had the requisite intent not to appear in court on the day scheduled. Mr. Carey was aware of the court date when he scheduled surgery in Ohio two days prior to his scheduled court appearance. Upon his release from the Ohio hospital he made no effort to contact the court. Instead, he remained out of the jurisdiction for over a year until his arrest in Ohio. He refused extradition, but surrendered himself to the Buchanan County Officials on November 21, 1994, after being released on bond in Ohio. Remaining outside the jurisdiction after his release from the hospital is strong circumstantial evidence of intent not to appear in court when required. *See Smith*, 849 S.W.2d at 213; *Young*, 636 S.W.2d at 686. Sufficient evidence supports Mr. Carey's conviction, and the trial court did not err in overruling his motion for judgment of acquittal.

The judgment is affirmed.

All concur.