**STATE of Missouri, Respondent,**

v.

**Daniel W. FOSTER, Appellant.**

**No. 70711.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 10, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 1997.

Application to Transfer Denied
Aug. 19, 1997.

Charles M. Shaw, Charles M. Shaw Law Firm, Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for Respondent.

## OPINION

SIMON, Judge.

Defendant, Daniel W. Foster, was charged by indictment with two counts of rape, a class A felony, one count of sexual assault in the first degree, a class C felony, and one count of sexual assault, a class C felony. Following trial, a jury found defendant guilty on all four counts. Pursuant to § 558.018 RSMo 1994 (all further references will be to RSMo 1994 unless otherwise noted), the trial court sentenced defendant as a persistent sexual offender to concurrent terms of life imprisonment for the rape convictions and to terms of seven years imprisonment for each sexual assault conviction to be served consecutively to each other and to the rape convictions. Additionally, the trial court entered judgment against defendant in the amount of $68.00 pursuant to the Crime Victims Compensation Act.

On appeal, defendant essentially contends that the trial court erred in:(1) permitting the state to present evidence of defendant's previous felony convictions for sexual offenses and in finding and sentencing defendant as a persistent offender pursuant to § 558.018 when the indictment did not charge defendant as a persistent offender as required by § 558.021.1(1) and Rule 23.01; (2) abusing its discretion and violating Rule 31.02 by refusing to grant defendant's motion for continuance on the day of trial; (3) abusing its discretion in prohibiting defendant from questioning the youngest girl on cross examination about her sexual relationship with Johnson and prohibiting questioning Dorothy Dunn (Dunn) about statements made to her by Johnson regarding his unprotected sex with the youngest girl while they dated in early December of 1994; (4) abusing its discretion in preventing defendant from questioning the oldest girl and Dunn about the results of physical examinations performed on the girls, on the grounds that they were irrelevant and immaterial; and (5) abusing its discretion in failing to declare a mistrial after the state knowingly misstated the evidence in its closing argument and rebuttal closing argument. We affirm in part, reverse and remand in part.

The record in a light most favorable to the verdict indicates that the victims are sisters, ages nine and eleven, and that they lived with their parents at 8432 Braddock in University City. Their parents separated and the girls went to live with their mother in Jennings. Later, the girls and their mother returned to the home in University City.

Defendant was a close friend of the family, and was known to the girls as "Uncle Butchie." Defendant visited the girls often when they lived in Jennings and when they moved back to University City. Defendant began having sex with the girls when they lived in Jennings and continued having sex with them when they returned to University City. The girls' mother never knew, nor did she suspect, that defendant was abusing her daughters.

The youngest girl eventually told her aunt, uncle and grandmother what defendant was doing. The police were notified and came to investigate, but the girls said nothing because defendant threatened them. The abuse continued.

Finally, the youngest girl told her mother what had been happening and mother took the girls to speak with the police. Mother later took youngest girl to a health clinic where it was learned that she was pregnant. She decided to have an abortion. Dunn, a University City Police officer, accompanied her to the clinic. Dunn seized a sample of the aborted fetal tissue as evidence. Testing was done on the tissue and a blood sample taken from defendant.

Anita Matthews of Laboratory Corporation of America performed DNA testing and found that defendant could not be excluded as the father of the aborted child. Further, she found that the probability of paternity as compared to an untested, unrelated individual from the African–American population was 99.99%, and that she does not report findings higher than that.

Defendant made an oral motion for a continuance on the day of trial which was denied. The motion was not supported by affidavit and was not consented to by the state as provided in Rule 24.09. At trial, defendant attempted to question the youngest girl about her alleged sexual relations with a person other than defendant. Defendant did not follow the procedure for introducing such evidence as required by § 491.015.3. The trial court prohibited defendant from asking such questions. Further, defendant attempted to question the oldest girl and Dunn about the results of the girls' physical examinations. The trial court sustained an objection by the state on relevancy grounds. An offer of proof was not made. Defendant did not testify, but he called four witnesses.

We note that defendant has failed to include specific page references in his brief and is therefore not in compliance with Rule 30.06(h). Even though we address his points on appeal, we do not condone his failure to follow the rules.

■ In his first point on appeal, defendant contends that the trial court erred in that it allowed the state to present evidence of his prior sexual offenses, in finding him to be a persistent sexual offender, and in sentencing him as a persistent sexual offender because the state never charged him as such. Defendant directs us to § 558.021. However, he was sentenced under § 558.018.

Clearly the indictment did not charge defendant as a persistent sexual offender as required by § 558.018. At trial, the state presented evidence of defendant's previous sexual offenses through certified copies of the judgments. Defense counsel had no objection. The trial court later found defendant to be a persistent sexual offender and sentenced him accordingly. The record does not indicate that a request was made by the state to correct the defect.

A similar situation is found in State v. Street, 735 S.W.2d 371 (Mo.App.1987). In *Street*, defendant was convicted of failure to appear and answer to criminal charges, and was sentenced to a term of seven years as a prior and persistent offender. At trial, the state presented evidence of defendant's three previous felony convictions. The court made a finding that defendant was a prior and persistent offender and sentenced him accordingly. The information in the case, however, did not charge defendant to be a prior or persistent offender, nor did the state move

to amend. The issue was not raised by defendant until his appeal and the failure to charge defendant as a prior and persistent offender constituted manifest injustice. *Id.* at 373. The appropriate remedy was a limited remand to allow the state to amend the information and submit proof supporting repeat offender sentencing.

Likewise, we affirm the convictions and reverse the imposition of sentences and remand the cause for the limited purpose of allowing the state to file an information in lieu of an indictment and for the trial court to make an appropriate finding on the record that defendant is a persistent sexual offender and resentencing. *See also State v. Hutton,* 825 S.W.2d 883, 889 (Mo.App.1992).

In his remaining points on appeal, defendant concedes that the points were not properly preserved, and requests that we review them for plain error pursuant to Rule 30.20. We have so reviewed and find no manifest injustice and therefore deny defendant's points.

Judgment affirmed in part, and reversed and remanded in part with directions.

RHODES RUSSELL, P.J., and KAROHL, J., concur.