**STATE of Missouri, Respondent,**

v.

**Ronald E. HAWTHORNE, Appellant.**

**No. WD 59382.**

Missouri Court of Appeals, Western District.

Submitted Nov. 14, 2001.

Decided May 14, 2002.

---

**3.** We added the emphasis.

Tara Lynn Jensen, Asst. Appellate Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Ficher, Asst. Atty. Gen., Jefferson, MO, for Respondent,

Before JAMES M. SMART, JR., P.J., HAROLD L. LOWENSTEIN, and JOSEPH M. ELLIS, JJ.

JAMES M. SMART, JR., Judge.

Ronald E. Hawthorne appeals his conviction and sentence after a bench trial in the Platte County Circuit Court, of one count of failure to appear, a felony, in violation of § 544.665 RSMo 1994. The trial court found Hawthorne guilty and sentenced him to a term of three years' imprisonment. Hawthorne contends that the evidence was insufficient for the trial court to have found him guilty of the crime beyond a reasonable doubt.

### Factual Background

Hawthorne was convicted of one count of failure to appear for a pre-trial conference in the Circuit Court of Platte County on May 29, 1997, pursuant to § 544.665, RSMo 1994. On November 15, 2000, Hawthorne was tried and convicted of failing to appear. The facts of the underlying charge giving rise to the failure to appear related to Hawthorne's failure to appear for a pretrial setting on the charge of promoting prostitution. On March 10, 1997, while that charge was pending, Hawthorne's attorney's motion to withdraw from the case was granted. The court

then set a pre-trial conference date of May 29, 1997, and a trial date of June 2, 1997:

After failing to retain private counsel, on May 14, 1997, Hawthorne filed a notice with the court indicating that he was unable to retain private counsel and that he would be proceeding *pro se.* He stated that he would make a good faith effort to cooperate with discovery and would "possibly enter into a plea agreement and dispose of this matter." He said he was open to any suggestions the court had with regard to counsel. Included in that notice was his correct name, home address, and phone number.

Earlier, on May 7, 1997, without Hawthorne's knowledge, the State had filed a "notice of a pre-trial conference" to take place on May 15, 1997. When the State attempted to notify Hawthorne of the May 15 date for the pre-trial conference, it mistakenly sent the notice to the wrong address, although the State had Hawthorne's correct address. Hawthorne never received the notice.

When Hawthorne did not appear at the May 15 pre-trial conference, a warrant was issued for his arrest for failure to appear. On May 19, when Hawthorne received the State's request for discovery, he contacted the prosecutor's office to find out what he needed to do in response. At that point, the prosecutor informed Hawthorne that because he failed to show up for the May 15 pre-trial conference, a warrant had been issued for his arrest. Hawthorne explained to the prosecutor that he did not receive notice of the new court date and that he had believed the court dates were May 29 and June 2, 1997. The prosecutor confirmed that Hawthorne was aware of the dates May 29 and June 2 for court appearances. The capias warrant was withdrawn when the State determined that Hawthorne had not received notice of the May 15 setting.

On May 29, the case was called. Neither Hawthorne nor the State responded when the case was called. A short time later, the prosecution appeared, informed the court that Hawthorne was aware of the May 29 and June 2 dates, and requested another capias warrant for Hawthorne.

Two and a half years later, Hawthorne was apprehended. He was still living in the area and working at the same job he held at the time of the charges. He was charged with failure to appear on May 29, 1997, under § 544.665. At the November 15, 2000, bench trial, Hawthorne was found guilty of failure to appear on May 29, 1997, and the court sentenced Hawthorne to three years imprisonment. Hawthorne appeals, stating that the trial court erred because the evidence presented was not sufficient for the court to have found him guilty of the charge beyond a reasonable doubt.

## Standard of Review

Upon review, the judgment rendered in a court-tried case will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *State v. Smith,* 849 S.W.2d 209, 212 (Mo.App.1993); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Appellate review of a challenge to the sufficiency of the evidence to support a criminal conviction is limited to a determination of whether sufficient evidence was presented from which a reasonable trier of fact might have found the defendant guilty beyond a reasonable doubt. *State v. Silvey,* 894 S.W.2d 662, 673 (Mo. banc 1995). The reviewing court will not weigh the evidence, but accepts as true all facts and inferences favorable to the verdict and disregards evidence and inferences to the contrary. *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992); *State v. Eppenauer,*

957 S.W.2d 501, 503 (Mo.App.1997). Due regard is given to the trial court's superior opportunity to judge the credibility of witnesses. *State v. Carey*, 914 S.W.2d 406, 408 (Mo.App.1996).

### Required to Appear

In his sole point on appeal, Hawthorne contends the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence, because the State failed to establish, *inter alia*, that he was required to appear in court on May 29, 1997.

Hawthorne argues that once the State successfully rescheduled his pre-trial conference to May 15, the State then "had no authority to unilaterally reset [the] court date for May 29, in that there was no written stipulation of the 'new' May 29 court date, and there was no order and notice by the court of the date," (referring to Sixth Circuit Court Rules 20.1, 20.2, and 36.4); thus, he contends, there was no May 29 court date.

■ We need not address this contention or Hawthorne's other contentions concerning the sufficiency of the evidence because, pursuant to Rule 84.13(c), this court has the power to review plain error affecting substantial rights even though not preserved when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

The trial court had authority to require Hawthorne to appear on his scheduled trial date. Here, however, he was not charged with failing to appear for his June 2, 1997 trial. Rather, he was charged only with not appearing for a pre-trial conference on May 29, 1997. The question is whether there was a statute, rule, or a case authority for the court to compel his attendance, as a *pro se* defendant, at a pre-trial conference.

The State fails to provide any authority for the proposition that the court had the right to require Hawthorne's appearance for a pre-trial conference. The state offers no statutory or rule authority, no copy of Hawthorne's bond, and no case authority for the proposition that Hawthorne was "required" to appear at a pre-trial conference. The rule concerning pre-trial conferences does not support the State's position; it, in fact, weakens it. Rule 24.12 authorizes courts to schedule one or more pre-trial conferences to consider such matters "as will promote a fair and expeditious trial." After providing that no admissions made at a conference may be used against the defendant unless reduced to writing and signed, the last sentence of the rule states: "This Rule shall not be invoked unless the defendant is represented by counsel." The rule thus precludes pre-trial conferences when the defendant is *pro se*, perhaps for the same reason the rule drafters were concerned about admissions made at a pre-trial conference. Here, it is undisputed that Hawthorne was not represented by counsel at the time this pre-trial conference was scheduled. Hawthorne also later confirmed by letter to the court he would be defending the case *pro se*.

■ Plain errors are those that are evident, obvious and clear. *Messina v. Prather*, 42 S.W.3d 753 (Mo.App.2001). In view of the fact that there was no evidence that Hawthorne was required to attend the pre-trial conference, and in view of the language of Rule 24.12, the error of the court in concluding Hawthorne was "required" within the sense of § 544.665 to appear on May 29 for a pre-trial conference is plain. The manifest injustice of his conviction is also clear, because proof that Hawthorne was required to appear May 29, 1997, was absolutely critical to the prosecution and conviction. Because proof

of the key element of the offense was lacking, the conviction cannot be allowed to stand. Accordingly, we reverse the conviction.

### Conclusion

The conviction of failure to appear and the sentence thereon are reversed.

LOWENSTEIN and ELLIS, JJ., concur.