**STATE of Missouri, Respondent,**

v.

**Garland WILLIAMS, Appellant.**

**No. ED 79411.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 23, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 19, 2002.

Application for Transfer Denied
Oct. 22, 2002.

Craig A. Johnston, Office of State Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Edgington, Assistant Attorney General, Jefferson City, MO, for respondent.

GEORGE W. DRAPER III, Presiding Judge.

Following a jury trial, Garland Williams (hereinafter, "Appellant") was convicted for failure to appear, Section 544.665 RSMo (2000). Appellant was sentenced to three years imprisonment. He appeals claiming there was insufficient evidence to prove he had the specific intent not to appear in court. We reverse.

Appellant was charged with felony forgery in St. Louis County. On December 13, 1999, he was released on a recognizance bond and informed the next day he needed to appear in court was January 3, 2000. On January 3, 2000, Appellant appeared, and his case was bound over following a preliminary hearing. Appellant appeared on January 18, 2000, for his arraignment. Then his case was set for trial on May 8, 2000, May 9, 2000, June 19, 2000, and July 17, 2000; however, on each date, his trial was continued.

Appellant again appeared on July 17, 2000; yet, the case was continued until the next day because there were other cases on the trial docket. Appellant appeared on the following day, and his counsel requested a continuance. Later that day, the trial court ordered that the case go to trial the following morning and that all parties appear on July 19, 2000.

On July 19, 2000, Appellant failed to appear. A warrant was issued for Appellant's arrest, and he was indicted for failure to appear. Appellant was arrested by a St. Louis municipality approximately four months after the scheduled trial date.

Trial was held on February 7, 2002, on Appellant's original charge of forgery and the subsequent charge of failure to appear. Following all of the evidence, the jury found Appellant not guilty of forgery, but guilty of failing to appear. Appellant was sentenced to three years imprisonment. This appeal follows.

In his sole point on appeal, Appellant claims that the trial court erred in overruling his motion for judgment of acquittal at the close of all of the evidence because the state failed to prove his guilt

beyond a reasonable doubt in that there was insufficient evidence supporting his willful failure to appear on July 19, 2000. In review of a sufficiency of the evidence claim, we determine if there was sufficient evidence presented so that a reasonable trier of fact could find guilt. *State v. Storey*, 901 S.W.2d 886, 895 (Mo. banc 1995). The evidence and inferences are viewed in the light most favorable to the verdict. *Id.*

Appellant argues that he was not notified of the trial setting by the court personnel or any other source. Further, Appellant states that the state does not make a submissible case for failure to appear merely by showing that he was not present in court when he was required to appear. We agree.

Failure to appear is a specific intent crime and the state does not make its "case by merely showing that the accused was not present on the assigned court date." *State v. Street*, 735 S.W.2d 371, 372 (Mo.App. W.D.1987). The state does not have to show willfulness by direct proof; it is usually shown by circumstantial evidence. *Id.; State v. Young*, 636 S.W.2d 684, 686 (Mo.App. E.D.1982). Missouri cases upholding convictions of failure to appear show strong circumstantial evidence that the defendant purposefully failed to appear in court.

In *State v. Young*, Eisenhower Young (hereinafter, "Young") was convicted for carrying a concealed weapon and failure to appear on a bail bond. Young was sentenced to fifty days in jail and fined $5000. *Id.* Young failed to appear at the scheduled trial date and his bond was forfeited. *Id.* However, the trial court set aside the forfeiture when Young appeared before the court shortly after the scheduled trial date with his attorney; a new trial date was set. *Id.* Young failed to appear at this trial date and a bond forfeiture was de-

clared. *Id.* After nearly three years, Young was located, and a jury trial was held on the two counts. *Id.* Young appealed his conviction claiming, in part, that there was insufficient evidence that he knew of his court date and willfully failed to appear. *Id.* at 686. This Court affirmed his conviction. While Young claimed that he was not informed about the trial date, he knew the consequences of failing to appear. *Id.* During the nearly three years from the time he failed to appear and the time Young was arrested, he lived out of state under a false name and was hiding in a basement closet at the time of his arrest. *Id.*

In *Street*, 735 S.W.2d 371, a jury found Lamar O. Street (hereinafter, "Street") guilty of failing to appear in answer to a criminal charge. Street departed for Oregon nine days prior to the day he was scheduled to appear in court. After arriving in Portland, Oregon, Street was going to continue his journey to Seattle, Washington, "on the dubious premise that someone had suggested employment opportunities might be found," but he lingered in Portland until after his trial date. *Id.* at 373. Upon Street's return trip, he lingered in Mound City, Kansas, under the impression that since he was already late for trial, a few more days would not make a difference. *Id.* Street testified that he did not intend to evade trial, but due to the weather and possessing only limited funds, his return to Missouri was delayed. *Id.* at 372. Street's appeal on insufficiency of evidence to prove that he willfully failed to appear in court failed; there was sufficient circumstantial evidence for the state to meet its burden.

Ricky Smith (hereinafter, "Smith") appealed his conviction for failing to appear at his sentencing. *State v. Smith*, 849 S.W.2d 209, 212 (Mo.App. E.D.1993). Smith argued that there was insufficient

evidence to prove that his failure to appear at his sentencing was willful. *Id.* at 213. This Court affirmed his conviction on direct proof and circumstantial evidence that Smith willfully failed to appear. *Id.* Smith testified that he appeared in court on every date except for his sentencing; thereby, acknowledging that he knew he needed to appear on the date of his sentencing. *Id.* Additionally, there was strong circumstantial evidence that Smith intended to avoid his sentencing as he was located 439 days after he was supposed to appear in court and he was arrested by authorities in another state. *Id.*

Finally, in *State v. Carey*, 914 S.W.2d 406, 407 (Mo.App. W.D.1996), Michael Carey (hereinafter, "Carey") argued that the state failed to present sufficient evidence that he had the specific intent not to appear in court as ordered on the scheduled date. However, the state presented sufficient evidence from which the jury could conclude Carey had the requisite intent not to appear in court. *Id.* at 408. Carey scheduled heart surgery in Ohio two days before he was required to appear in court. *Id.* After he was released from the hospital, he failed to contact the court, but remained out of the jurisdiction for over a year until he was arrested in Ohio. *Id.* He refused extradition and later surrendered himself to officials in Missouri after being released on bond in Ohio. *Id.*

In order for the state to prove that Appellant possessed the requisite intent, there must be either direct or circumstantial evidence that he purposefully failed to appear in court. *Street*, 735 S.W.2d at 372. Appellant argues that the state only proved that Appellant was not in court on the trial date, not that he willfully failed to appear. In the instant case, it is clear that Appellant failed to appear in court. However, the state must go beyond this mere fact to show that Appellant had the specific intent to avoid appearing in court. From the evidence adduced in this case, there was no such showing.

There was no direct evidence that Appellant was informed of the trial date, only that his counsel was informed of the date. Appellant did not remove himself from the jurisdiction on the date of the trial or attempt to hide himself from authorities. He was arrested shortly after he failed to appear and was transferred to the custody of St. Louis County on January 9, 2001. Under the facts of this case, there was no showing of any circumstantial evidence which would prove that Appellant purposefully avoided appearing in court on the day of his trial.

The judgment of the trial court is reversed.

MARY R. RUSSELL and MARY K. HOFF, JJ., concur.