STATE of Missouri,
Plaintiff/Respondent,

v.

Avery L. McCOY, Defendant/Appellant.

No. ED 80635.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 2002.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

**504**

Lawrence L. Pratt, Assistant Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

MARY K. HOFF, Judge.

Avery L. McCoy (Defendant) appeals from the trial court's judgment entered following a jury verdict convicting him of trespass in the second degree in violation of Section 569.150, RSMo 2000,[1] and failure to appear in violation of Section 544.665. The trial court sentenced Defendant, as a prior and persistent offender, to a term of six months for second degree trespass and a term of seven years for failure to appear. We reverse.

While the issue is not briefed by Defendant, the State volunteers in its brief that the crime of trespass in the second degree is an infraction, and that Defendant should not have received a sentence of six months in jail for this conviction; we agree. Furthermore, although the issue is not raised on appeal, we note that trespass in the second degree was submitted to the jury as a lesser-included offense of attempted burglary in the first degree. Reviewing sua sponte for plain error pursuant to Rule 30.20, we reverse as to the second degree trespass conviction because the trial court plainly erred when it gave the instruction as a lesser included offense. *See* Section 569.150 (first degree burglary can only be committed by knowingly entering unlawfully or knowingly remaining unlawfully in "building or inhabitable structure"); Section 569.160 (second degree trespass is committed by entering unlawfully upon "real property" of another);

---

1. Subsequent statutory citations are to RSMo 2000, unless otherwise noted.

*State v. Couvion,* 655 S.W.2d 80, 83 (Mo. App. E.D.1983) (trespass in second degree is not lesser-included offense of burglary); *State v. Neighbors,* 613 S.W.2d 143, 147 (Mo.App. W.D.1980) (trespass in second degree is not lesser included offense of second degree burglary because burglary second can be committed without committing trespass in second degree; all elements of lesser offense must be necessary to establish greater offense when added to additional element or elements).

Defendant raises three points on appeal. Because Defendant's third point is dispositive, we need not address Defendant's first and second points.

▬▬▬ In his third point, Defendant claims the trial erred in overruling his motion for judgment of acquittal as to his failure to appear charge because the state failed to prove his guilt beyond a reasonable doubt in that there was insufficient evidence supporting his willful failure to appear on February 5, 2001. In reviewing a sufficiency of the evidence claim, we determine whether sufficient evidence permits a reasonable trier of fact to find guilt. *State v. Storey,* 901 S.W.2d 886, 895 (Mo. banc 1995). The evidence and inferences are viewed in the light most favorable to the verdict. *Id.*

The State charged Defendant with attempted burglary first degree in violation of Section 564.011. According to the record before us, on November 9, 2000, Defendant was released on a sponsored recognizance bond which indicated his next court date was on November 13, 2000. On November 13, Defendant's case was continued until January 9, 2001. Thereafter, a January 12 order set Defendant's case for February 5, 2001. According to a stip-

ulation read at trial, on February 3, 2001, Defendant went to the Metropolitan Psychiatric Center in St. Louis, where he was admitted and remained until his discharge on March 7, 2001. On February 5, 2001, the trial court revoked Defendant's sponsored recognizance bond for failure to appear, ordered a capias warrant, and reset Defendant's bond. Defendant appeared in court on March 15, 2001.

A jury trial was held November 28 and 29, 2001 on Defendant's original charge of attempted burglary in the first degree and the subsequent charge of failure to appear. After consideration of all the evidence, the jury found the Defendant not guilty of attempted burglary in the first degree, but guilty of trespass in the second degree, and of failure to appear. The trial court subsequently overruled Defendant's motion for new trial and judgment of acquittal notwithstanding the verdict. This appeal follows.

Defendant alleges there was insufficient evidence to support that Defendant was aware that he was required to appear in court on February 5, 2001 and that he purposely failed to appear.[2] The failure to appear offense with which Defendant was charged obligates the State to prove beyond a reasonable doubt that the Defendant failed to appear in court as required after having been released upon a recognizance or bond. Section 544.665.1.

▬▬▬ The State does not make a case merely by showing that the Defendant was not present in court when required to appear. In order to prove Defendant possessed the requisite intent, the State must show, by either direct or circumstantial evidence, that he purposely failed to ap-

**2.** We note that the jury instruction submitted to the jury required the jury to find beyond a reasonable doubt that Defendant was re-

quired to appear on or about *February 7, 2001.*

**506**

pear. *State v. Williams*, 85 S.W.3d 79, 82 (Mo.App. E.D. 2002).

 As in *State v. Dumas*, 898 S.W.2d 689, 691 (Mo.App. E.D.1995), here there was no evidence that Defendant was informed of the trial date. In the case before us, the only evidence adduced at trial concerning Defendant's failure to appear consisted of testimony of a courtroom clerk who read entries from the Defendant's court file. These entries showed merely that there was a January 12, 2001 order indicating that Defendant's case was continued until February 5, 2001, and that he failed to appear. Defendant did not testify and presented no witnesses. Prior to submission of the case to the jury, the court read into the record a stipulation as follows: "Records indicate on February 3rd, 2001, [Defendant] went to the Metropolitan Psychiatric Center at 5351 Delmar and was admitted. He was discharged from the Center on March the 7th, 2001." Although this indicates that Defendant was in a psychiatric facility from February 3 until March 7, 2001, it does not indicate that he knew he had to appear in court on February 5, 2001 or that he purposely removed himself from the jurisdiction or attempted to hide from authorities. Moreover, Defendant appeared in court the month following his missed court date. *See State v. Carey*, 914 S.W.2d 406, 408 (Mo.App. W.D.1996).

Given the limited evidence before the court, there was not sufficient evidence which would permit a reasonable trier of fact to conclude Defendant knew he had to appear in court on or about February 5, 2001, and that he purposely failed to appear in court. *State v. Williams*, 85 S.W.3d at 82. Therefore, because of insufficient evidence regarding the failure to appear charge, and because trespass in the second degree is not a lesser included of-

fense of burglary, the judgment of the trial court is reversed.

ROBERT G. DOWD, JR., Presiding Judge and GEORGE W. DRAPER, III, Judge: Concur.