**Michael STITH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 19226.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 24, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 10, 1995.

Application to Transfer Denied
March 21, 1995.

Paul T. Graham, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Christine M. Kocot, Asst. Attys. Gen., for respondent.

PREWITT, Judge.

Following trial by jury movant was convicted of capital murder and sentenced to life imprisonment without the possibility of parole for 50 years. That conviction was affirmed on appeal. *State v. Stith*, 660 S.W.2d 419 (Mo.App.1983).

Thereafter, movant filed a motion under Rule 27.26, seeking to set aside the conviction. Following an evidentiary hearing, the trial court made findings of fact, conclusions of law, and entered judgment denying the motion. Movant appeals. This appeal continues to be governed by Rule 27.26 as sentence was pronounced and the motion to vacate filed before January 1, 1988. Rule 29.15(m).

■ On appeal the review of a decision on a Rule 27.26 motion is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Bailey v. State*, 738 S.W.2d 577, 578 (Mo.App.1987). Only when this court is left with a firm conviction that a mistake has been committed are such findings clearly erroneous. *Covington v. State*, 600 S.W.2d 186, 187 (Mo.App.1980). Movant has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f).

Credibility of the witnesses is generally a matter for the trial court's determination to which this court gives considerable deference. *Pool v. State*, 670 S.W.2d 210, 211–212 (Mo.App.1984). The trial judge can disbelieve testimony, even when uncontradicted. *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979).

Movant presents two points relied on. By his first point he asserts that the trial court erred in denying his motion because he received ineffective assistance of trial counsel in the criminal matter as his attorney there failed to adduce medical evidence of his physical disability. He asserts that this would have shown that he could not have moved the victim's body as that movement was shown by the state's evidence and that such medical evidence "would very likely have resulted in

appellant's acquittal". The entire point is set forth marginally.[1]

■ "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State,* 693 S.W.2d 903, 904 (Mo.App.1985).

■ "To prove ineffective assistance of counsel, a post-conviction relief movant must show that counsel's performance fell below a reasonable level and that this deficiency prejudiced him." *State v. Hamilton,* 791 S.W.2d 789, 797 (Mo.App.1990). Generally, defense tactics which are a matter of trial strategy will not support a claim of ineffective assistance. *Id.* at 798.

■ The victim was found on August 22, 1980, and there was evidence indicating he was probably killed on August 17, 1980. Larry Whitten, the sheriff of Camden County, testified in the criminal trial that the victim, Dr. Duncan Danforth, was found dead approximately 20 feet from a road. He testified that Danforth's body "appeared to have been tossed, because the shirt, it looks like someone had reached on the back of the shirt and had tossed it." He stated that after the body "landed, his feet is still up in the air. The feet was still in the brush and the body went down and remained in the position that he fell." He stated that the body was probably "tossed" four feet.

In his defense movant offered testimony, including his own, that because of his physical disabilities he could not alone have moved the body. He claims now that his trial counsel should have introduced medical records showing that in February 1978 movant fell on a stairway; that in March 1978 he suffered a fracture and burns to his left arm and back; that on June 7, 1980 he fell from a diving board and fractured his left shoulder; and that he had a neurological deficit and hypoactive deep tendon reflex in his left side.

In ruling this contention, the motion trial court stated in its findings:

"Movant's next point relates to trial counsel's failure to produce medical evidence of Movant's various physical injuries and alleged infirmities. Several lay witnesses were called who testified that they knew Movant, were familiar with his physical capabilities and did not believe he was capable of 'throwing' Danforth's body over an embankment. Movant's point, succinctly stated, is that if medical records and testimony would have been adduced in evidence in addition to this evidence, it is likely that he would have been acquitted. At best, this assertion is improbable for the following reasons: First, the proffered evidence shows that Movant had a variety of injuries, but it does not necessarily demonstrate a physical incapability to perform any particular task. Such alleged inability is essentially subjective in the sense that only Movant could state whether he could or could not perform a particular task. Those who had an opportunity to observe him could likewise state what their observations had been with regard to performance of particular tasks. No medical testimony could have conclusively demonstrated any such physical inabilities. Second, the State's case did not rely upon any particular method by which Danforth's body could have been removed to the bottom of the ditch: It could have been rolled, pushed, dragged, or kicked, or other method of conveyance. The proffered medical evidence does not even relate to some of the various methods by which Movant could have gotten the body to the position in which it was found. Lastly, the issue

---

1. "The circuit court clearly erred in ruling that trial counsel were not ineffective in failing to adduce medical evidence of appellant's physical disabilities for the reason that said evidence could not have conclusively shown that appellant could not have moved the victim's body as hypothesized by the state and would not have affected the outcome of the trial; because trial counsel were given notice of but failed to investigate objective clinical medical evidence which corroborated appellant's lay evidence that he could not have moved the body; because the introduction of this evidence at trial would very likely have resulted in appellant's acquittal; and because appellant was thereby denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution."

raised is ultimately one of defendant's credibility. It is extremely unlikely that this evidence would have affected the outcome of the trial in light of Movant's other testimony regarding his physical capabilities and particularly in light of the testimony of David Hibdon regarding his observations of Movant while he was in jail. This point is without merit."

An examination of the record, including the documents that movant says should have been offered in evidence, convinces us that the trial court's determination on this contention is not clearly erroneous. The documents would not have established that movant's physical problems would have kept him from moving the body. The record does not indicate that this evidence would have led to an acquittal. There was abundant evidence of movant's guilt and it is unlikely that these documents would have changed the result.

Movant primarily relies upon *State v. Wells*, 804 S.W.2d 746 (Mo. banc 1991) and *Foster v. Lockhart*, 9 F.3d 722 (8th Cir.1993). His contention that *Foster* is "in point" is misplaced. In both *Wells* and *Foster* the evidence overlooked by counsel was much more persuasive. Here, the effect of offering the documents upon which movant relies, is speculative. Point one is denied.

■  Movant contends in his second point that the trial court erred as his counsel in the criminal trial had a conflict of interest as the attorney had been retained by the victim to represent a prostitute that was staying with the victim in his home within a week of his death. The entire point is set forth marginally.[2]

Movant, claiming there was a conflict of interest, must show an actual conflict which adversely affected his lawyer's performance and which prejudiced movant. *State v.*

*Chandler*, 698 S.W.2d 844, 848 (Mo. banc 1985).

■  To prove a trial attorney was ineffective for failing to investigate, the movant must show what specific information the attorney failed to discover, that a reasonable investigation would have disclosed the information, and that the information would have aided or improved movant's position in the trial of his criminal matter. *Terry v. State*, 770 S.W.2d 723, 724 (Mo.App.1989). To show that he was prejudiced by an attorney's failure to call a witness, movant must establish that prejudice beyond conjecture or speculation. *Id.*

■  In order to show that counsel was ineffective in not having a witness testify, movant must show the witness could have been located through reasonable investigation, the witness would have testified if called, and testimony of the witness would have presented a viable defense. *Harry v. State*, 800 S.W.2d 111, 115 (Mo.App.1990); *Canterbury v. State*, 781 S.W.2d 107, 110 (Mo.App.1989).

■  Regarding the claim of conflict of interest, the motion trial court found:

"Movant also claims that because attorney Alena had been paid by the victim, Dr. Danforth, to represent a prostitute sometime prior to his death, that Movant's counsel were ineffective because they did not call the former client as a witness. The proposed witness did not testify in the within proceeding; therefore what her testimony might have been is purely speculative. However, even assuming her testimony to have been that which Movant urges, the point is still without merit, because there was no showing that this testimony had any reasonable probability of

2.  "The circuit court clearly erred in ruling that appellant's trial counsel did not have a conflict of interest which prejudiced appellant although appellant's trial counsel had been retained by the alleged victim to represent Toni Lefleur prior to the alleged victim's death and hired by appellant's co-defendant to represent appellant; because the evidence compelled the conclusion that appellant's trial counsel had been hired by appellant's co-defendant to represent appellant, that the alleged victim had retained them to represent

Toni Lefleur, that Toni Lefleur was staying with the alleged victim in his home within a week of his death, that illicit drug activity in the alleged victim's home was an issue directly relevant to appellant's innocence, and that trial counsel did not investigate Lefleur's knowledge of said drug activity because they represented her; and because appellant was prejudiced by this conflict of interest as a matter of fact and of law in violation of his rights to counsel under the Sixth Amendment to the United States Constitution."

materially affecting the outcome of the trial."

The trial court was correct in finding that what Toni Lefleur might have said and whether she might have aided movant's defense was speculative. The record does not establish that her testimony or knowledge might have suggested that decedent was killed because of illicit drug activity. Point two is denied.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.