STATE of Missouri, Respondent,

v.

Terry L. MADEWELL, Appellant.

Terry L. MADEWELL, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 18911, 19861.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 2, 1995.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Following jury trial, Appellant was convicted of two counts of distributing a controlled substance and sentenced as a prior and persistent offender to concurrent terms of ten years' imprisonment. Appellant appealed those convictions. Appellant also filed a Rule 29.15 motion seeking to vacate the convictions. Following an evidentiary hearing, the motion was denied. Appellant also appealed that conviction and, pursuant to Rule 29.15(*l*), the appeals were consolidated.

Appellant presents two points relied on, one directed toward each of his appeals. For his first point, Appellant contends the trial court plainly erred in failing to declare a mistrial during the state's closing rebuttal arguments. Appellant acknowledges that no objection was made to the argument, but asks us under Rule 30.20 to find "plain error" because the trial court should have, even without objection, granted a mistrial. Plain error is present when "manifest injustice or miscarriage of justice has resulted." Rule 30.20.

Because the trial judge is not there to assist counsel in trying cases, a trial judge should act, where trial strategy may be involved, only in exceptional circumstances. *See State v. Dunn,* 889 S.W.2d 65, 72 (Mo. App.1994); *State v. Drewel,* 835 S.W.2d 494, 498 (Mo.App.1992). Plain error is rarely found by the failure of the trial court to take action without a request during argument. *State v. Owens,* 849 S.W.2d 581, 586 (Mo. App.1993).

Declaring a mistrial is a drastic remedy only to be employed in extraordinary circumstances. *Drewel,* 835 S.W.2d at 498. *See also State v. Danback,* 886 S.W.2d 204, 209 (Mo.App.1994) (mistrial should only be granted where prejudice to defendant cannot be otherwise removed). Granting a mistrial is a matter for the discretion of the trial court and error in denying it is not present unless there is a clear showing of abuse. *State v. Gamble,* 781 S.W.2d 820, 823 (Mo. App.1989). The trial judge is in a better position than an appellate court to evaluate prejudicial effect on a jury. *Danback,* 886 S.W.2d at 209.

The plain error rule is to be used sparingly, only in cases where there is a strong demonstration of manifest injustice or miscarriage of justice. *State v. Collis,* 849 S.W.2d 660, 663 (Mo.App.1993). An appellant has the burden of demonstrating manifest injustice or miscarriage of justice. *State v. Harrison,* 864 S.W.2d 387, 389 (Mo.App. 1993). Plain error assertions in closing argument should rarely be granted. *State v. Moorehead,* 875 S.W.2d 915, 918 (Mo.App. 1994); *Owens,* 849 S.W.2d at 586.

No error existed as the trial court was not asked for relief. Further, it is not established that manifest injustice or miscarriage of justice was likely. Point I is denied.

Appellant asserts through his second point that the court erred in denying his Rule 29.15 motion because he received ineffective assistance of counsel. He contends his counsel erred in failing "to present (1) the audio tape of the February 8, 1991, transaction and (2) FBI agent Larry Nolan's report regarding the February 8, 1991, transaction since this evidence would have impeached the

credibility of the confidential informant regarding the direction the car travelled and would have established that no offense had occurred in Lawrence County."

Review of the ruling on a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). Under this limited review, we cannot say that Point II has merit. To establish ineffective assistance of counsel, the party asserting it must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome. *Stith v. State*, 893 S.W.2d 384, 386 (Mo.App. 1995); *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985). There is a presumption that counsel's conduct was appropriate. *State v. Vivone*, 857 S.W.2d 489, 492 (Mo.App.1993).

Examination of the proposed exhibits shows that they would not have established that no offense occurred in Lawrence County. Perhaps with the proper foundation, they would have cast some doubt as to whether the transfer of marijuana occurred in Lawrence County. However, even if so, there were numerous parts of the transaction which, if they occurred, happened in Lawrence County.

Persons accused of a crime may be prosecuted, "if the offense is committed partly in one county and partly in another, or if the elements of the crime occur in more than one county, then in any of the counties where any element of the offense occur." Section 541.033(2) RSMo.1986. *See also State v. Morrison*, 869 S.W.2d 813, 815 (Mo.App. 1994); *State v. Seaton*, 817 S.W.2d 535, 538 (Mo.App.1991); *State v. Hook*, 433 S.W.2d 41, 45–46 (Mo.App.1968). The trial court's ruling on the Rule 29.15 motion is based on findings of fact that are not clearly erroneous.

The judgments are affirmed.

CROW and PARRISH, JJ., concur.