STATE of Missouri, Respondent,

v.

Richard Lee EASLEY, III, Appellant.

Richard Lee EASLEY, III, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 19232, 20043.

Missouri Court of Appeals,
Southern District.

Oct. 31, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Following jury trial, Appellant was convicted of second-degree murder and sentenced to twenty-three years' imprisonment. He ap-

peals that conviction. Appellant also filed a Rule 29.15 motion, seeking to vacate the conviction. Following an evidentiary hearing, the motion was denied. Appellant also appealed that ruling. Pursuant to Rule 29.15(*l*), the appeals were consolidated.

Appellant presents two points relied on, one directed to each of the appeals. His point directed to the criminal trial asserts that the trial court erred in failing to declare a mistrial after the following occurred:

Q [By Mr. Sokoloff, Prosecuting Attorney] Richard, that afternoon you testified that—We're talking about the afternoon of the 2nd—you were out driving around with Lisa and Clifford Wells?

A [By Defendant] Yeah, and Mike Palmer.

Q Okay. And I think you testified that you're kind of hotheaded; aren't you?

A Yeah. I do get—I do get mad sometimes pretty quick.

Q Okay. You beat up Clifford that afternoon, too; didn't you?

A No, I did not.

MS. BURKE: Your Honor, I'm going to—

Q (Mr. Sokoloff) Did you have a fight with him?

MS. BURKE:—object to this. Where's the relevancy in this? It relates nothing to Glenn Morgan or to any of the issues before this jury here today.

THE COURT: Sustained.

MR. SOKOLOFF: No further questions.

MS. BURKE: Your Honor, I would also ask that the jury be regarded—be instructed to disregard any comment or any question asked by Mr. Sokoloff in that regard.

THE COURT: The jury is instructed to disregard the last series of questions and answers regarding an earlier fight, and same is ordered stricken.

Appellant acknowledges that no request for mistrial was made, but asks us, under Rule 30.20, to find "plain error" because the trial court should have, even without being asked, granted a mistrial. Plain error is present when "manifest injustice or miscarriage of justice has resulted...." Rule 30.20.

▇▇▇ As the trial judge is not present to assist counsel in trying cases, the judge should act without a request only in exceptional circumstances. *State v. Madewell,* 904 S.W.2d 66, 67 (Mo.App.1995). A mistrial should be granted only in extraordinary circumstances, generally, when to do so is within the discretion of the trial court. An error in not granting a mistrial occurs only when there is a clear showing of abuse of that discretion. *Id.* Appellant has the burden of demonstrating manifest injustice or miscarriage of justice. *State v. Harrison,* 864 S.W.2d 387, 389 (Mo.App.1993). Appellant received the relief requested and the record discloses no manifest injustice or miscarriage of justice. This contention is denied. *Cf. State v. Guidorzi,* 895 S.W.2d 225, 231–32 (Mo.App.1995); *State v. White,* 782 S.W.2d 461, 465 (Mo.App.1990).

Appellant's remaining point asserts that he received ineffective assistance of counsel, "in that trial counsel failed to investigate and pursue a defense based upon a letter written to Appellant by David Moore." He contends that because of this his Rule 29.15 motion should have been granted. Review of a ruling on a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j).

▇▇▇ To establish ineffective assistance of counsel, the party asserting it must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome. *Stith v. State,* 893 S.W.2d 384, 386 (Mo.App.1995); *Tatum v. State,* 693 S.W.2d 903, 904 (Mo.App.1985). There is a presumption that counsel's conduct was appropriate. *State v. Vivone,* 857 S.W.2d 489, 492 (Mo.App.1993).

▇▇▇ The letter referred to in Appellant's point was one he received from David Moore. It stated in part:

I've got some news for you about your case & I'm pretty sure it's valid information. I heard it from Jimmy Malady. Jimmy hasn't ever lied to me & since he's my wife's cousin, I have had to trust him before. I believe what he told me because it makes sense. He said that Billy Joe Medly, Jerry Easley, & Mike Palmer, beat Glen's ass again after Glen came back from the hospital. You were already gone to some body [sic] else's trailor [sic]. And Billy Joe supposedly took you to that trailor [sic], dropped you off, & went back to where ever [sic] Jerry was. Then they decided to check on Glen. Glen said something that pissed one of the two guys off & he was asked to leave. He went outside & got jumped from behind by Billy, Jerry, & Mike. And they did beat his ass with something but Jimmy wouldn't say what. He did say there's alot [sic] more to it than this but you didn't kill any body [sic] & Jerry knows the whole story.

There was evidence that an investigation was made of the statements in the letter, and nothing helpful to Appellant was discovered. An investigation need only be adequate under the circumstances present. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). Here, the judge hearing Appellant's motion was justified in finding that the investigation conducted was adequate under the circumstances.

■ Moreover, Appellant did not prove that any witnesses located through an investigation would have testified, if called, and that their testimony would have been of aid to his defense. Failing this, a contention of failure to investigate and call a witness has not been shown. *State v. Khoshaba*, 878 S.W.2d 472, 477 (Mo.App.1994); *White*, 782 S.W.2d at 465.

The judgments are affirmed.

SHRUM, C.J., and CROW, J., concur.