**STATE of Missouri, Respondent,**

v.

**Holly Ann ENLOE, Appellant.**

**Holly Ann ENLOE, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 19389, 20156.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 23, 1996.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. General, David G. Brown, Asst. Atty. General, Jefferson City, for respondent.

PREWITT, Presiding Judge.

Appellant was charged with distributing marijuana. Following jury trial, she was convicted and thereafter sentenced by the trial judge to one year in the county jail and a $100.00 fine. She appealed that conviction. Appellant also filed a Rule 29.15 motion seeking to vacate the conviction. Following an evidentiary hearing, the motion was denied. Appellant also appeals that ruling. As provided in Rule 29.15(*l*), the appeals were consolidated.

Appellant's first point contends that the trial court "plainly erred, resulting in manifest injustice to Appellant, in overruling Appellant's objections to evidence of other

drugs sold by Appellant's codefendant, Justin Mangan...." The record reflects that this evidence came in without objection and after Appellant's counsel did object the court sustained "the objection to any further inquiry."

Appellant claims by her second point that "[t]he trial court plainly erred, resulting in a manifest injustice, in failing to declare a mistrial *sua sponte* when the State told the jury in closing argument that 'You all don't decide whether Mrs. Mangan goes to prison, that's the judge's job....'"

By referring to "plainly erred" in these points, it appears that Appellant acknowledges that her counsel did not enter a timely objection or request for mistrial in either of the respects complained of, and that review here would be under Rule 30.20. Under that rule, plain error is present when "manifest injustice or miscarriage of justice has resulted therefrom."

As the trial judge's function is not to assist counsel in trying cases, the judge should act without a request only in exceptional circumstances. *State v. Madewell*, 904 S.W.2d 66, 67 (Mo.App.1995). Error in not granting a mistrial occurs only when there is a clear showing of abuse of discretion. *Id.*

"Error which in a close case might call for reversal may be disregarded as harmless where the evidence of guilt is strong." *State v. Bellew*, 586 S.W.2d 461, 464 (Mo.App.1979). Similarly, when evidence is strong, there is less likely to be an abuse of discretion in not declaring a mistrial. *State v. Lumpkin*, 850 S.W.2d 388, 393 (Mo.App. 1993).

Appellant has the burden of demonstrating manifest injustice or miscarriage of justice. *State v. Harrison*, 864 S.W.2d 387, 389 (Mo.App.1993). Here the evidence was strong that Appellant participated in the transaction resulting in the sale of marijuana. Appellant received the only relief requested, and the record disclosed no manifest injustice or miscarriage of justice. Points I and II are denied.

Appellant's remaining point is directed to the trial court's ruling on the Rule 29.15 motion. She contends her trial counsel was ineffective in failing to call two witnesses who had seen her with bruises and wounds that could have come from a beating.

To establish ineffective assistance of counsel, the party asserting it "must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Stith v. State*, 893 S.W.2d 384, 386 (Mo.App.1995) (quoting *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App. 1985). There is a presumption that counsel's conduct was appropriate. *State v. Vivone*, 857 S.W.2d 489, 492 (Mo.App.1993).

Review of a ruling on a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). Under that limited review, we cannot say that the trial court's determination was erroneous. Calling of witnesses is generally a matter of trial strategy. *State v. Brittain*, 895 S.W.2d 295, 301 (Mo.App.1995). Moreover, under the evidence here, the calling of additional witnesses would have been cumulative to other testimony and was unlikely to have changed the result. Point III is denied.

Judgment is affirmed.

SHRUM, C.J., and CROW, J., concur.