STATE of Missouri, Respondent,

v.

Billy KNIGHT, Appellant.

Billy KNIGHT, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 19838, 20390.

Missouri Court of Appeals,
Southern District,
Division Two.

April 15, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David G. Brown, Assistant Attorney General, Jefferson City, for respondent.

PREWITT, Presiding Judge.

Following trial by jury, Appellant was convicted of assault in the first degree, armed criminal action, and kidnapping. He was sentenced as a prior offender under Section 558.019, RSMo Supp.1993. That conviction and sentencing was appealed. Appellant also filed a Rule 29.15 motion seeking to vacate the conviction. Following an evidentiary hearing, the motion was denied. That ruling was also appealed, and the appeals were consolidated, pursuant to Rule 29.15(*l* ).

Appellant presents three points relied on. The first point is directed to his conviction in the criminal case. Appellant asserts that the trial court "plainly erred" because evidence came in without objection from a Highway Patrol sergeant that upon searching the car in which Appellant was arrested, he found "other items in the car, what appeared to be a marijuana pipe with residue in it."

■ Appellant's counsel acknowledges that this issue was not properly preserved by objection, and thus is reviewed only for plain error, under Rule 30.20. *State v. Jimmerson*, 891 S.W.2d 470, 472 (Mo.App.1994). Relief is granted for plain error when there has been manifest injustice or miscarriage of justice. *Id.* Plain error is one that is evident,

obvious and clear. *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992). To show manifest injustice or a miscarriage of justice there must be apparent prejudice. *Jimmerson*, 891 S.W.2d at 472.

Courts are wary of evidence concerning other crimes because of the highly prejudicial nature of such evidence. *State v. Helm*, 892 S.W.2d 743, 745 (Mo.App.1994). However, "vague remarks cannot be characterized as clear evidence to associate defendant with other crimes." *State v. Hornbuckle*, 769 S.W.2d 89, 96 (Mo.banc), *cert. denied* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989).

■ Here, the testimony did not establish that the marijuana pipe belonged to Appellant, and he was not the only occupant of the vehicle. Under these circumstances and the other evidence, we find no plain error. Point I is denied.

■ Through his second point, Appellant asserts that the trial court erred in sentencing him as a prior offender under Section 558.019, RSMo Supp.1993:

[B]ecause the state failed to establish beyond a reasonable doubt that less than twenty-five years had passed between the prior conviction or release from the Department of Corrections, in that the conviction was dated 1965 and nothing was introduced to establish Appellant's release date.

On this basis, "appellant respectfully requests that this Court reverse the judgment and sentence and remand for resentencing." In response to this point, Respondent's point states:

The state concedes that the trial court plainly erred in classifying Appellant as a prior offender because the State failed to prove that Appellant's release from custody on the prior conviction used for enhancement of his sentence was within the twenty-five year window prescribed by 558.019.

■ The State agrees that under *McDaris v. State*, 843 S.W.2d 369, 373–74 (Mo.banc 1992), the sentencing should be reversed and the matter remanded. *Accord State v. Mar-*

*tin,* 882 S.W.2d 768, 772 (Mo.App.1994) and *State v. Street,* 735 S.W.2d 371, 373–74 (Mo. App.1987). Those cases determined that provisions for repeat offender sentencing do not create an additional substantive offense or crime. Consequently, error associated with the charge, proof or findings regarding the sentence do not require an unconditional remand for a new trial on the issue of guilt.

■ The proper procedure is a remand for the purpose of permitting the State to prove the allegations in the information, or to amend the information and submit proof supporting repeat-offender status. If proof on this issue fails, then a new trial is required. *Martin,* 882 S.W.2d at 772; *Street,* 735 S.W.2d at 374. Appellant's Point II has merit. Appellant's sentences are vacated and the cause remanded, as provided in the last paragraph of this opinion.

■ Appellant's remaining point challenges the trial court's decision on the Rule 29.15 motion. Appellant contends under it that his trial counsel was ineffective in failing to object to the prosecutor's closing argument when the prosecutor told the jury that they should "[s]ign [the guilty verdicts] and you're out of there."

■ A party asserting ineffective assistance of counsel "must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Stith v. State,* 893 S.W.2d 384, 386 (Mo.App.1995) (quoting *Tatum v. State,* 693 S.W.2d 903, 904 (Mo.App.1985)).

Review of a ruling on a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j). The trial court concluded that defense counsel failed to object to the prosecutor's statement, not because she was incompetent, but rather as a matter of good trial strategy because she used this statement to attack the approach taken by the prosecuting attorney. The court also found that had an objection been made and sustained, it would have had no bearing on the outcome of the trial. It can-

not be said that the trial court's determination was clearly erroneous. Appellant's third point is denied.

The judgment appealed from in Appeal No. 20390 is affirmed. The conviction appealed from in Appeal No. 19838 is affirmed, conditional on prior-offender status being established, as hereinafter provided. Sentencing in the latter matter is vacated and the cause remanded to hear evidence on the allegations of prior convictions in the amended information. If the allegations are proven, the court may resentence. If not, the court shall set aside the conviction and grant a new trial.

CROW and PARRISH, JJ., concur.