STATE of Missouri, Respondent,

v.

James Bernes WEST, Appellant.

James Bernes WEST, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 18834, 19612.

Missouri Court of Appeals,
Southern District,
Division One.

June 24, 1996.

Rose M. Wibbenmeyer, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

A jury found Defendant James Bernes West guilty of possession of diazepam, a controlled substance, violating § 195.202.[1] The trial court sentenced Defendant to three

1. Statutory references are to RSMo Supp.1993.

years' imprisonment. Defendant brings appeal 18834 from that judgment. While that appeal was pending, Defendant filed a motion to vacate the judgment and sentence per Rule 29.15.[2] The motion court denied relief after an evidentiary hearing. Defendant brings appeal 19612 from that order. We consolidate the appeals pursuant to Rule 29.15(*l* ).

## Appeal 18834

Defendant presents five points relied on. Our decision on the second point requires reversal and remand for a new trial. We address it first after a brief summary of the facts.

Evidence at trial favorable to the State was as follows: On December 9, 1991, Officer Jim Miller of the Springfield Police Department was dispatched to investigate a call concerning careless and imprudent driving. The officer located two cars matching the descriptions from the call in a gas station parking lot. Officer Miller approached Defendant who was in possession of one of the vehicles. Defendant appeared nervous and confused when Officer Miller questioned him about his driving. Defendant told Officer Miller he knew the occupants of the other car, but the occupants of the other car denied knowing Defendant. Officer Miller looked into the back window of Defendant's car and saw a box with the word "Valium" written on it, partially concealed in a sock. Upon seizing and opening the box Officer Miller found a bottle of pills labeled in Spanish. Defendant's name did not appear on the label. Officer Miller inspected the pills and determined that they appeared to be Valium (also known as diazepam). The officer arrested Defendant. Defendant told Officer Miller he had a prescription for the drugs and then gave the written prescription to the officer. The prescription was purportedly written by a Dr. Lopez in Mexico.

Defendant testified he travelled to Mexico with two unidentified women to purchase medication. The two women were planning to buy Valium in Mexico and resell it in the United States. Defendant claimed he purchased the partially concealed Valium in

Mexico after receiving a physical examination and a prescription from Dr. Lopez.

Karen McKinnis, an expert criminologist and serologist, testified for the State. She stated the pills were in fact diazepam. She testified diazepam has a potential for abuse but also has known and accepted medical uses. She conveyed that a person with a valid prescription may legally possess diazepam.

■ Defendant's Point II contends the trial court erred in admitting into evidence State's Exhibits 2 and 3. Exhibit 2 is a photograph of Defendant seated behind a table and holding a large amount of cash with an equally large amount of cash placed on the table. Exhibit 3 is a photograph of the front of a motel and of a table holding a large amount of cash. Both photographs were taken in approximately 1987.

Defendant argues this evidence was highly prejudicial and irrelevant to the present case of drug possession in that it tends to associate him with drug trafficking, drug smuggling, and organized crime. We agree.

■ The admissibility of evidence is left to the sound discretion of the trial court. *State v. O'Dell,* 787 S.W.2d 838, 841–42 (Mo. App.1990). We will not overturn the trial court's ruling of admissibility absent a clear abuse of discretion. *Id.* at 842.

It is well-settled that proof of the commission of a separate and distinct crime by the defendant is not admissible, unless such proof has a legitimate tendency to establish defendant's guilt of the charge for which he is on trial. Generally, evidence of other crimes is competent to prove the specific crime charged when it tends to establish: 1) motive; 2) intent; 3) the absence of mistake or accident; 4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; 5) the identity of the person charged with the commission of the crime on trial.

---

**2.** Rule references are to Missouri Rules of Court (1994).

*State v. Burr*, 542 S.W.2d 527, 530 (Mo.App. 1976) (citations omitted).

The State makes no attempt to show that the photographs fall within any of the above exceptions to the general rule on evidence of other crimes. The State only argues, without citation of authority, that the photographs were not evidence of other crimes. The prosecutor successfully argued for admission of the photographs claiming they were relevant after Defendant testified he operated a garage where cars were cleaned. Obviously, the photographs indicate that Defendant had income from a source other than car cleaning.

In our view this evidence reasonably infers that Defendant received a large sum of cash from a drug sale. At trial both Defendant and a Springfield police officer testified that prior to 1991 Defendant was a confidential drug informant. Defendant was charged with a drug offense alleged to have occurred in 1991, yet the photographs were taken in 1987. We believe the jury could only have viewed the photographs as evidence that Defendant had previously engaged in criminal conduct, especially when he, as a confidential informant, allegedly possessed knowledge of drug dealing.

In *State v. Collins*, 669 S.W.2d 933 (Mo. banc 1984), the state introduced evidence of defendant's delivery of marijuana occurring the month before the marijuana sale with which defendant was charged. The Missouri Supreme Court, after stating the general rule on evidence of other crimes, said that "proper impeachment could be had without introducing evidence of other crimes, which is highly prejudicial . . . ." *Id.* at 936. The Court determined that the prejudicial effect of the previous criminal conduct outweighed the probative value of the evidence and reversed the judgment.

Like the evidence in *Collins*, the photographs in this case portrayed evidence of prior criminal conduct. If the State intended to impeach Defendant's testimony concerning his employment, proper impeachment could have been achieved without the introduction of prejudicial evidence of other crimes. *See State v. Smith*, 884 S.W.2d 358 (Mo.App. 1994); *State v. Owen*, 753 S.W.2d 114 (Mo.

App.1988). We find an abuse of discretion in the admission of the photographs which requires reversal of the judgment.

For purposes of judicial economy we address two of the remaining points Defendant presents. These points will undoubtedly arise in the retrial of the case.

■ In Point I, Defendant argues there was insufficient evidence to establish that he illegally possessed diazepam. The elements of possession of a controlled substance are: (1) conscious and intentional possession of the substance, and (2) an awareness of the presence and illegal nature of the substance. *State v. Smith*, 850 S.W.2d 934, 943 (Mo.App. 1993). Both elements may be proved circumstantially. *State v. Zimpher*, 552 S.W.2d 345, 349 (Mo.App.1977).

■ Diazepam is a Schedule IV controlled substance. § 195.017.8(2). The evidence is undisputed that Defendant possessed the drug. The State presented evidence that indicates Defendant was aware of the presence and the illegal nature of the drug. Officer Miller testified the Valium was partially concealed in a sock. Defendant appeared nervous and confused. The pill bottle containing the Valium did not show Defendant's name. Defendant went to Mexico with two people who were planning to purchase Valium and resell it.

■ Defendant contends the State failed to prove his awareness of the illegal nature of the drug because he had a prescription. Defendant's argument is misguided. Defendant correctly states that an exception to diazepam's illegal nature exists if he obtained the diazepam with a valid prescription. § 195.180.1. Generally, where an exception is part of the section which defines the offense, the burden is on the State to plead and prove that the defendant is not within the exception. However, where the exception is found in a separate clause or part of the statute disconnected from the definition of the offense, the exception is not for the prosecution to negate, but for the defendant to claim as a matter of affirmative defense. *State v. Litterell*, 800 S.W.2d 7, 12 (Mo.App.1990).

Defendant was convicted of violating § 195.202.1, which states that "[e]xcept as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance." Diazepam is a controlled substance under § 195.017.8(2). Section 195.180.1 states, in pertinent part, that "[a] person may lawfully possess or have under his control a controlled substance if such person obtained the controlled substance directly from, or pursuant to, a valid prescription . . . ."

Section 195.180.2 states:

In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of sections 195.005 to 195.425, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in sections 195.005 to 195.425, and the burden of proof of any such exception, excuse, proviso or exemption, shall be upon the defendant.

Additionally, § 195.367 states:

It is not necessary for the state to negate any exemption or exception in sections 195.005 to 195.425 in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under sections 195.005 to 195.425. The burden of producing evidence of any exemption or exception is upon the person claiming it.

Sections 195.202.1 and 195.017.8(2) define Defendant's offense. Section 195.180.1 defines the offense's exception. Defendant asserts that because of his prescription, an excuse or exception exists as to the illegal nature of the drug. The exception is found in a separate statute and is disconnected from the definition of the offense. Clearly, in this circumstance Defendant carries the burden of proving the exception to the drug's illegality. In addition, the provisions of § 195.180.2 and § 195.367 specifically eliminate the State's burden to negate exceptions found in chapter 195. The State's evidence was sufficient to show Defendant illegally possessed diazepam.

■ In his fifth point, Defendant claims the trial court erred in admitting into evidence State's Exhibit 1–A, the diazepam and the sock where the diazepam was hidden. Defendant argues that even though the drugs in the sock were in the police officer's plain view, the plain view doctrine does not apply because the illegal nature of the drugs was not immediately apparent to the officer. Therefore, his search of Defendant's car and the seizure of the drugs and sock was illegal.

■ The plain view doctrine justifies the discovery and seizure of criminal evidence without a warrant because there can be no expectation of privacy as to what a person knowingly exposes to public view. *State v. Akers,* 723 S.W.2d 9, 14 (Mo.App.1986). In the case of a motor vehicle, subject to public licensure, the mobility of the object itself and the lessened expectation of privacy from the regimen of licensure suffice as the exigency to justify the police to enter and seize property in plain view within the vehicle when there is reasonable cause to believe the property constitutes criminal evidence or otherwise offends the law. *Id.*

Here, the officer was justified in searching Defendant's car and in seizing the evidence. The evidence was in plain view. The officer looked into the back window of Defendant's car and saw a box partially concealed in a sock with the word "Valium" written on it. The officer had reasonable cause to believe the drugs and sock constituted criminal evidence because Valium is also known as diazepam which is a controlled substance under § 195.017.8(2). Point V has no merit.

Because the judgment of conviction is reversed, appeal 19612 from the denial of Defendant's postconviction relief motion is moot. *Smith,* 884 S.W.2d at 359.

Appeal 19612 is dismissed as moot. The judgment of conviction in appeal 18834 is reversed and the cause remanded for a new trial.

GARRISON and BARNEY, JJ., concur.