**STATE of Missouri, Respondent,**

v.

**Dennis LAWSON, Appellant.**

No. 23787.

Missouri Court of Appeals,
Southern District,
Division One.

July 20, 2001.

5. Respondent's motion to dismiss the appeal based on City's lack of jurisdiction is denied.

Craig A. Johnston, Asst. Public Defender, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, for Respondent.

MONTGOMERY, Judge.

A jury convicted Dennis Lawson (Defendant) of manufacturing methamphetamine (Count I) in violation of § 195.211.[1] The trial court sentenced him to thirty years' imprisonment. The jury acquitted Defendant of carrying a concealed weapon, § 571.030.1(1), as charged in Count II. Defendant appeals his conviction and sentence.

Defendant does not challenge the sufficiency of the evidence to convict him. Briefly stated, in the light most favorable to the verdict, the evidence shows that on January 8, 1998, four sheriff's deputies went to Defendant's property to execute an arrest warrant for him and James Cain. The deputies found three mobile homes on Defendant's property. They first went to the large mobile home near the highway and knocked on the door. James Cain exited the premises and was arrested. The deputies asked Cain about Defendant's location, and he directed them to a travel trailer parked in a wooded area down the hill from the large mobile home.

The deputies observed an extension cord running from one of the mobile homes to the travel trailer and some footprints or tire tracks in the snow going to the travel trailer. Two of the deputies were familiar with Defendant's property, but they had never seen a travel trailer previously on Defendant's property.

The deputies could not look inside the travel trailer because the windows were covered with blankets, but they smelled a strong noxious odor coming from the trailer. After Deputy Thompson knocked on the front door of the trailer, Defendant exited the premises. The deputies asked Defendant if he had any weapons, and he admitted having a pistol in his back pocket. The deputy seized a loaded pistol and placed Defendant under arrest.

Through the door Defendant left open the officers saw what appeared to be a methamphetamine lab in operation. They secured the scene, obtained a search warrant, and later that day searched the travel trailer. Inside the travel trailer the officers found various devices and substances used in the production of methamphetamine. The deputies also seized an SKS assault rifle, a shotgun, and ammunition consisting of several .22 caliber rounds, shotgun shells, a SKS magazine filled with 30 rounds and additional boxes of ammunition for that weapon.

The travel trailer was 6 to 7 feet wide and 13 to 14 feet long. It had no source of heat or running water. A picture of Defendant's children was found in the trailer.

At trial, Officer Mike Flett, a narcotics investigator with the Lake Area Narcotics Enforcement Group, described how the seized items could be used to produce methamphetamine. Officer Flett concluded that the items seized in the travel trail-

---

1. Statutory references are to RSMo 2000, un-    less otherwise indicated.

er were used in an ongoing methamphetamine manufacturing operation.

Defendant's first point claims the trial court erred in admitting the SKS assault rifle and the shotgun into evidence because he had the right to be tried only on the offenses charged. Defendant claims these weapons were irrelevant to the charged offenses and were introduced for the purpose of inflaming and prejudicing the jury against him.

■ The admission of evidence is discretionary with the trial court. *State v. West*, 929 S.W.2d 239, 241 (Mo.App.1996). Absent a clear abuse of discretion, we will not reverse the trial court's ruling on admissibility. *Id.*

■ Generally, evidence of uncharged crimes is inadmissible to show the defendant's propensity to commit crimes like the one charged. *State v. Cole*, 887 S.W.2d 712, 714 (Mo.App.1994). As an exception to this rule, evidence of a defendant's prior misconduct is admissible, although not admissible to show propensity, if the evidence is logically and legally relevant. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). Evidence is logically relevant if it has some legitimate tendency to show defendant's guilt of the charges for which he is being tried. *Id.* Evidence is legally relevant if its probative value outweighs its prejudicial effect. *Id.*

■ It is well established that evidence of uncharged misconduct has a legitimate tendency to prove the specific charged crime when it tends to establish "(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; [or] (5) the identity of the person charged with the commission of the crime on trial." *Bernard*, 849 S.W.2d at 13.

■ Here, the State had the burden under § 195.211 to prove beyond a reasonable doubt that Defendant (1) knowingly manufactured methamphetamine, and (2) knew that the substance he manufactured was methamphetamine. *State v. Dowell*, 25 S.W.3d 594, 603 (Mo.App.2000). In *Dowell*, as here, defendant was charged with manufacturing methamphetamine. In that case, the defendant claimed he had no knowledge of the methamphetamine laboratory in his home. *Id.* In this case, Defendant argued that he had no knowledge of the methamphetamine laboratory and suggested it belonged to James Cain.

*Dowell* held that evidence of defendant's contemporary possession of other drugs and a hand gun was logically and legally relevant to show that defendant knew of the drug manufacturing operation. 25 S.W.3d at 603. Defendant's possession of an assault rifle and shotgun in this case is likewise logically and legally relevant to show he knew of the drug manufacturing operation in the travel trailer. The jury could have inferred that Defendant had these weapons to protect the valuable fruits of his labor. *See State v. Purlee*, 839 S.W.2d 584, 589 (Mo. banc 1992); *State v. LaFlamme*, 869 S.W.2d 183, 186 (Mo.App. 1993).

We find no abuse of discretion in allowing introduction of the two firearms into evidence. Point denied.

■ Defendant's third point requests plain error review regarding the State's closing argument that Defendant possessed firearms "for the purpose of killing people." Defendant alleges this argument was unsupported by the evidence, speculated about Defendant's possible future criminal acts and was solely designed to prejudice him.

■ Defendant did not object to the State's "killing people" argument. Therefore, Defendant requests plain error review under Rule 30.20. Under this rule a defendant must demonstrate that manifest injustice or a miscarriage of justice will occur if the error is left uncorrected. *State v. Worthington*, 8 S.W.3d 83, 87 (Mo. banc 1999), *cert. denied*, 529 U.S. 1116, 120 S.Ct. 1978, 146 L.Ed.2d 807 (2000).

■ Plain error is seldom found in "unobjected to closing argument." *State v. Radley*, 904 S.W.2d 520, 524 (Mo.App. 1995). "A holding that would require the judge to interrupt counsel would present myriad problems." *Id.* Reversal is required for improper argument only if such argument had a decisive effect on the jury's determination. *Id.* For the improper argument to have a decisive effect, "there must be a reasonable probability that, in the absence of these comments, the verdict would have been different." *State v. Roberts*, 838 S.W.2d 126, 132 (Mo.App. 1992).

Here, the alleged improper argument was not decisive. The evidence of Defendant's guilt was overwhelming as he was discovered alone inside a trailer containing various devices and substances used in producing methamphetamine. Upon exiting the trailer, Defendant was arrested with a loaded pistol on his person. We are convinced the jury would have convicted Defendant even in the absence of the alleged improper argument. This point is denied.

■ Defendant's remaining point has merit. Defendant alleges in Point II that the trial court plainly erred in sentencing him as a persistent offender because, *inter alia*, the State's proof of Defendant's prior felony convictions differed from the prior convictions alleged in the amended information. The State agrees that "it cannot be determined whether the convictions sought to be proven" were pled in the amended information.

The determination of persistent offender status is governed by § 558.021. Defendant correctly argues that § 558.021.1(1) requires the State to plead essential facts in the information warranting a finding that he is a persistent offender and that § 558.021.1(2) requires that evidence must be introduced which establishes sufficient facts warranting a finding beyond a reasonable doubt that Defendant is a persistent offender. In this case, the State did not comply with these statutory requirements as acknowledged by the State.

■ Repeat offender sentencing provisions do not create an additional substantive offense. *State v. Knight*, 920 S.W.2d 612, 614 (Mo.App.1996). "Consequently, error associated with the charge, proof or findings regarding the sentence do not require an unconditional remand for a new trial on the issue of guilt." *Id.*

■ To correct errors in repeat offender sentencing, remand is the proper remedy to allow the state to prove the allegations in the information or to amend the information and submit proof supporting repeat offender status. *Id.* A new trial is required only if proof on this issue fails. *Id.*

In *State v. Merrill*, 990 S.W.2d 166 (Mo. App.1999), the state did not comply with § 558.021.1(1) by failing to plead essential facts warranting a finding that the defendant was a prior and persistent offender. *Id.* at 173. Consequently, the appellate court granted plain error review and determined that the defendant was entitled to a limited remand "for the purposes of permitting the state to amend the information and submit proof supporting prior and persistent offender sentencing." *Id.*

We believe *Knight* and *Merrill* control Defendant's situation in this case. Therefore, Defendant is entitled to a limited remand as outlined in these two cases.

Defendant's conviction is affirmed conditional on persistent offender status being established as provided herein. Defendant's sentence is vacated, and the cause remanded to hear evidence on the allegations of prior convictions in the amended information or any subsequent amendments to the information. If the allegations are proven, the court shall resentence. If not, the court shall set aside the conviction and grant a new trial.

SHRUM, P.J., and BARNEY, C.J., concur.

