**STATE of Missouri, Plaintiff–Respondent,**

v.

**Dennis D. LAWSON, Defendant–Appellant.**

**No. 24639.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 9, 2002.

Craig Johnston, Asst. State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Dennis Dale Lawson (defendant) was convicted following a jury trial of the class B felony of manufacture of methamphet-

amine, a controlled substance. § 195.211.[1] The conviction was previously appealed to this court. *See State v. Lawson,* 50 S.W.3d 363 (Mo.App.2001). The conviction was affirmed conditional on persistent offender status being established on remand. The case was remanded with directions that the trial court "hear evidence on the allegations of prior convictions in the amended information or any subsequent amendments to the information." *Id.* at 368. In the event the persistent offender status was established, the trial court was to resentence defendant. If that status was not established, the trial court was to set aside the conviction and grant a new trial. *Id.*

Following remand, a second amended information was filed alleging persistent offender status based on guilty pleas to felony escape from confinement (in the Circuit Court of Greene County) and burglary in the second degree and stealing (in the Circuit Court of Pulaski County). A hearing was held after which the trial court found "that the Defendant, Dennis Dale Lawson, is a persistent offender under Missouri law." Defendant was sentenced to imprisonment for a term of 30 years.

Defendant contends by this appeal that the filing of the second amended information, the introduction of evidence with respect to the allegation of defendant's persistent offender status, and his resentencing was a violation of his double jeopardy rights. He further argues that the procedure the trial court used violated § 558.016 and § 558.021. This court affirms.

Defendant argues the trial court erred in two respects: (1) it failed to make a determination regarding defendant's per-sistent offender status from facts, "pleaded, established and found prior to submission [of the criminal charge] to the jury"; and (2) defendant was subjected to double jeopardy by reason of his being resentenced based on evidence adduced after his trial was completed with respect to the factual allegations that led to his conviction of manufacture of methamphetamine. The first prong of defendant's argument is founded on requirements of § 558.021. The second prong of the argument is founded on a defendant's right to be free of double jeopardy.

■ The second prong of defendant's argument is addressed first. Defendant's argument with respect to his double jeopardy claim is that because the state had the opportunity to make its case with respect to the allegation that he was a persistent offender and failed to do so, he was subjected to multiple prosecutions. Defendant acknowledges, however, that this issue has previously been addressed and resolved contrary to the argument he now makes. In *State v. Cobb,* 875 S.W.2d 533, 534 (Mo. banc), *cert. denied,* 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994), the Supreme Court of Missouri held that double jeopardy rights did not preclude presenting evidence to determine a defendant's persistent offender status upon remand for that purpose.

Similarly, the United States Supreme Court held in *Monge v. California,* 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998), that even when sentence enhancement proceedings have the "hallmarks" of a trial because of the applicability of prior convictions, double jeopardy principles do not apply in noncapital cases. Defendant suggests, nevertheless, "that the United

---

**1.** References to statutes other than § 558.021 are to RSMo 1994. References to § 558.021 are to RSMo Cum.Supp.1997.

States Supreme Court is on the verge of reversing its position." On that basis, defendant asks this court to hold, contrary to *Cobb*, that his sentencing as a persistent offender subjected him to double jeopardy.

"We are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. Mo. Const., Art. V, § 2 (1945)." *State v. Bedell*, 890 S.W.2d 702, 706 (Mo.App.1995), citing *Turner v. State*, 839 S.W.2d 46, 47 (Mo.App.1992). *Cobb* is controlling. Defendant's allegation that the remand of his case for resentencing violated his double jeopardy rights is denied.

■ The first prong of defendant's allegation of error is directed to the state's failure to plead required facts regarding defendant's prior offenses before his case was submitted to the jury; that this was contrary to § 558.021.2. Defendant further argues the trial court failed to make findings of fact required by § 558.021.1(3).[2]

■ Manufacture of methamphetamine is a violation of § 195.211.2. It is a class B felony. Punishment for a class B felony is imprisonment for not less than five or more than 15 years. § 558.011.1(2). However, extended sentences may be imposed for "persistent offenders." "A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." § 558.016.3. The authorized maximum term of imprisonment for a persistent offender for a class B felony is "a term of years not to exceed thirty years." § 558.016.7(2).

Section 558.021 prescribes the procedure for charging, finding and sentencing an offender to an extended term. It requires the information charging the offense to plead "all essential facts warranting a finding that the defendant is a ... persistent offender"; that evidence be introduced to establish sufficient facts (that have been pleaded) to warrant a finding beyond a reasonable doubt that a defendant is a persistent offender; and that the trial court make such finding. § 558.021.1. Section 558.021.2 provides, as applicable here, "In a jury trial, the facts [that establish a defendant is a persistent offender] shall be pleaded, established and found prior to submission to the jury outside of its hearing, ...."

The procedure about which defendant complains, i.e., amending an information to allege persistent offender status subsequent to trial, has been addressed previously. In *State v. Street*, 735 S.W.2d 371 (Mo.App.1987), evidence was presented at trial to prove the defendant in that case was a persistent offender although the information in the case had not charged him as a persistent offender. The trial court in *Street* entered its finding that he was a persistent offender. *Street* addressed the statutory requirements for finding a defendant to be a persistent offender and thereby permitting imposition of an extended sentence. *Street* observed:

The statute is abundantly clear that an extended sentence term may be imposed if, but only if, " * * * the indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender * * " It is not enough for the state to simply announce an intention to seek an extended sentence, the charge must set out

---

**2.** § 558.021.1(3) requires the trial court, in order to impose an extended sentence, to make a finding of fact, beyond a reasonable

doubt, that the defendant is a persistent offender.

the facts which would, if later substantiated by the proof, warrant the court in making the findings which are also a requirement of the statute. If the courts continue to indulge the laxity which has characterized so many cases of extended term sentencing, a judicial emasculation of the legislative direction will be the accepted procedural norm.

*Id.* at 373.

*Street* suggested, however, that a defendant with prior convictions would be aware of his own criminal history; that failure to have identified a defendant's prior criminal history with specificity in the information would not likely subject him to actual prejudice. *Street* held, nevertheless, that error was manifest when such charges are not included in the charging document. *Id.* Street addressed the question, "[W]hat relief should be directed[?]" *Id.* It held:

The cases are uniform in holding that provisions for repeat offender sentencing do not create an additional substantive offense or crime and that error associated with the charge, proof or court findings in this respect does not require an unconditional remand for a new trial on the issue of guilt or innocence. *State v. Sullivan,* 451 S.W.2d 123, 124 (Mo. 1970), concurring by J. Holman; *State v. Newland,* [592 S.W.2d 495 (Mo.App. 1979)] at 502; *State v. Light,* [686 S.W.2d 538 (Mo.App.1985)] at 543. The appropriate remedy is a limited remand for the purposes of permitting the state to amend the information and submit proof supporting repeat offender sentencing. In the unlikely event that the proof were to fail, a new trial is, of course, required.

*Id.* at 373–74.

*State v. Merrill,* 990 S.W.2d 166 (Mo. App.1999), followed the holding in *Street.* In *Merrill,* the prosecuting attorney persuaded the trial court that it was not necessary to allege previous convictions in the charging document; that all that was required was evidence of previous convictions in order for the state to avail itself of extended sentencing provisions. *Merrill* held the defendant in that case was "entitled only to a limited remand for the purposes of permitting the state to amend the information and submit proof supporting prior and persistent offender sentencing." *Id.* at 173. *Merrill* concluded the situation was "governed by *Street* and its progeny." *Id. Merrill* and *Street* were decided by the Western District of this court. *Merrill* noted that both the Eastern District (in *State v. Foster,* 949 S.W.2d 215, 217–18 (Mo.App.1997), and *State v. Hutton,* 825 S.W.2d 883, 888–89 (Mo.App.1992)), and the Southern District (in *State v. Knight,* 920 S.W.2d 612, 613–14 (Mo.App.1996)) had adopted the procedure outlined in *Street* in cases with similar circumstances. *Id.*

This court finds no error in the trial court permitting the second amended information to be filed following remand by this court and in its receiving evidence of defendant's prior convictions for purposes of ascertaining defendant's sentencing status. The procedure the trial court followed was consistent with the procedure approved by the litany of cases heretofore cited. As was suggested in *Street, supra,* it is inconceivable that defendant was prejudiced by the state being permitted to present evidence of his previous pleas of guilty. His knowledge of his past record belies any surprise that might otherwise be attributed to the procedure followed in this case.

■ Defendant's complaint that requirements of § 558.021.2 were not met is directed to the statute's directive that facts related to a defendant's past criminal history be pleaded and proved prior to submission of a case to the jury. This court

finds the failure to meet that requirement, under the facts of this case, was inconsequential. Defendant suffered no prejudice by that failing. The reason for requiring a defendant's criminal history to be pleaded and proved before the case is submitted to the jury is to permit the question of punishment to be submitted to the jury should the criminal history allegations not be proven. Section 558.021.2 is a procedural device. It does not affect the substance of the criminal charge. Defendant was not prejudiced by the lack of compliance with this requirement.

Defendant's complaint that the finding required by § 558.021.1(3) was not made is directed to the written sentence and judgment rendered by the trial court. The sentence and judgment was rendered by means of a form available for that purpose. The form contains a number of fields for recording the type of offense charged, e.g., felony or misdemeanor, and finding by the court or jury. It also contains a field that denotes the finding beyond a reasonable doubt of a defendant's sentencing status, as well as the sentence imposed if the defendant is found guilty.

The form provides a number of boxes that may be checked to denote the various findings of the court. One finding that may be made in this manner is "Persistent Offender (558.016 RSMo)." The box to the left of that characterization was not checked in this case. What was erroneously checked was a box that states the sentencing status of defendant was "Not Applicable." This occurred notwithstanding the recitation of the trial court that "[t]he court does find, based on Plaintiff's—or State's Exhibits 1 and 2, that the Defendant, Dennis Dale Lawson, is a persistent offender under Missouri law." The failure to state the finding the trial court announced was a clerical error. Rule 29.12 permits a trial court to correct cleri-

cal mistakes in judgments and other parts of the record arising from oversight or omission. *See, e.g., State v. Box,* 956 S.W.2d 460, 463 (Mo.App.1997). This case should, therefore, be remanded to permit the trial court to correct its entry on the sentence and judgment to reflect the finding announced in open court.

■ Defendant also complains that the trial court did not exercise its discretion in permitting the amendment of the information to allege he was a persistent offender. Defendant contends the trial court permitted the amendment because this court had compelled it to do so.

The record on appeal does not demonstrate that the trial court believed it was compelled to grant the state's request to amend the information that was previously before it or to admit additional proof of defendant's punishment status. The trial court followed the procedure the opinion in the first appeal of this case set forth, viz., "to hear evidence on the allegations of prior convictions in the amended information or any subsequent amendments to the information"; and in the event the allegations were proved, to resentence defendant. *State v. Lawson,* 50 S.W.3d at 368. The trial court had authority, in the event persistent offender status was not proved, to set aside the conviction and grant a new trial. *Id.* Defendant's point on appeal is denied. The judgment is affirmed. The case is remanded, however, to permit the trial court to correct the clerical error in the judgment discussed herein.

PREWITT, P.J., and SHRUM, J., concur.